PEOPLE *v.* BENNETT.

1. CRIMINAL LAW—OFFENSE NOT TRIABLE BY JUSTICE—JURISDIC-
   TION TO ISSUE WARRANT.
   The complaint and examination provided for by the statute
   prior to the issuance of a warrant of arrest for an offense not
   triable by a justice of the peace need not be reduced to writing,
   and, therefore, where a warrant issues, it will be presumed,
   unless the contrary appears, that there was sufficient evidence
   before the magistrate to justify him in assuming jurisdiction.

2. SAME—COMPLAINT.
   In such case, the mere fact that a written complaint was
   taken, which was insufficient to authorize the issuing of the
   warrant, does not preclude the inference that a valid oral
   complaint was made.

3. SAME—SUFFICIENCY OF WARRANT.
   It is not necessary that the warrant should recite the evi-
   dence adduced before the magistrate, or name the witnesses
   examined; and the fact that it does recite the making of com-
   plaint in writing, and the examination of the complainant on
   oath, will not exclude the presumption that other evidence
   was taken, if necessary to support the jurisdiction of the jus-
   tice.

4. SAME—LOCAL OPTION LAW.
   Thus, a warrant for a violation of the local option law, con-
   taining such a recital, is not open to the objection that it not
   only fails to show, but negatives the fact, that the justice had
   legal evidence before him (1) that the law was in force within
   the county, and (2) that the respondent was not within the
   exception relating to druggists and registered pharmacists.

5. SAME—SUFFICIENCY OF EVIDENCE.
   Whether it is competent for the circuit court, in any case, to
   review the evidence taken by a justice, to ascertain whether
   it was legally sufficient to establish the commission of the
   offense for which the warrant issued,—*quære.*

6. LOCAL OPTION LAW—CREDIBILITY OF WITNESS—INSTRUCTIONS
   TO JURY.
   Where, upon a prosecution for a violation of the local option
   law, it appears that the complaining witness purchased liquor
   from the respondent for the purpose of obtaining evidence

against him, an instruction that such fact should be considered by the jury, in determining the credit to be given to his testimony, is sufficiently favorable to the respondent, and it is not error to refuse instructions in that connection referring to such witness as a " spy " and a " hired witness," and reciting that " he was willing to and did ask the respondent to violate the law for the sole and express purpose of making a case and instituting a criminal prosecution against him."

7. SAME—PROCEEDINGS OF BOARD OF SUPERVISORS—SUFFICIENCY—RECORD ON APPEAL.

Where the record upon an appeal from a conviction under the local option law shows that the proceedings of the board of supervisors in relation to the adoption of the law were offered and received in evidence, respondent's counsel waiving the reading thereof, and a copy of the evidence so introduced is not returned, an objection that the court erred in instructing the jury that the law was in force within the county will be disregarded, the question as to the sufficiency of the proof in that particular being for the court, and not for the jury.

Exceptions before judgment from Hillsdale; Lane, J. Submitted November 21, 1895. Decided December 17, 1895.

Andrew Bennett was convicted of violating the local option law. Affirmed.

*Timothy E. Dibell,* for appellant.

*Guy M. Chester,* Prosecuting Attorney, for the people.

HOOKER, J. The defendant appeals from a conviction under the local option law. A motion was made before the justice to quash the proceedings for want of jurisdiction, and it was renewed in the circuit. It is based upon many alleged defects, but reliance appears to be placed more especially upon the claim that the complaint and warrant do not state an offense, and that the justice did not have certain evidence before him previous to the issue of the warrant. The essential evidence said to have been wanting is: (1) Evidence that the local option law was in force in Hillsdale county at the time of the alleged

offense; (2) competent evidence that the defendant was not a druggist or pharmacist, and therefore within the exception to the law.

A written complaint was taken, though it was unnecessary. *People* v. *Berry, ante,* 256. If it was insufficient, it is no worse than no written complaint, unless it precludes the inference that a valid oral complaint was made. Ordinarily, where no formal written complaint is taken, the complaint amounts to little, if any, more than information to the justice that, in the opinion of the party complaining, an offense has been committed, taken in conjunction with his subsequent statements made upon oath in relation to the details thereof. We may reasonably suppose that such complaint is rarely so complete as to contain all of the statements necessary to prove an offense. It may be that the witness has not knowledge of all, and that his testimony must be supplemented by that of others, to cover all of the points that should be shown to justify the issue of the warrant. This may be supplied by an examination of the complainant and others upon oath. We may, therefore, dismiss the complaint with the remark that it was unnecessary, without taking the trouble to inquire as to its formal sufficiency were a written complaint required.

The warrant recites the fact of the making of complaint in writing and on oath, and the examination on oath of the complainant. It is attacked—*First,* as not stating an offense; *second,* as showing affirmatively that it was improvidently issued, because it does not show that the justice had evidence before him that the local option act was in force, and that defendant was not a druggist or registered pharmacist. This warrant charges that the defendant kept a saloon in Jonesville village at a time alleged, where spirituous and intoxicating liquors were sold, stored for sale, given away, and furnished as a beverage. It negatives a possible claim that they were within the exception of the act as to the pur-

pose for which they were kept and sold. It alleges that the defendant was not a druggist or registered pharma- cist within the law, but was a keeper in violation of Act No. 207 of the Laws of 1889, and of a preamble and reso- lution and order of prohibition adopted by the board of supervisors of Hillsdale county pursuant to said act.

The important point made upon the sufficiency of the warrant is that it fails to show that the justice had evi- dence before him that the local option law was in force. It is argued that it does not show that the complainant testified to it, and that, if it did, it would be no better, because such testimony is not the kind of evidence required, the law providing how the fact shall be proved. The statute does not require that a warrant shall recite the evidence taken, nor does it say that it shall name all witnesses examined, or mention the documentary evi- dence placed before the magistrate during his investiga- tion, to determine whether an offense has been com- mitted. He takes such evidence as in his judgment bears upon the question; and no case has been cited where the circuit court has inquired whether the evidence was of the highest character, or whether it was admissible at all. Moreover, there is nothing upon this record to show that duly-certified copies of the proceedings were not before the magistrate. They may have been produced by the complainant, or by the prosecuting attorney, if he had anything to do with the case. It was not necessary to load the warrant down with statements of this kind, and we do not agree with counsel that the record shows that the proper evidence could not have been before the justice. Presumably it was, or he would not have issued his warrant. Again, when we come to the examination, there is nothing upon this record to show that this evi- dence was not offered, if it is competent, upon a trial or motion to quash, for the circuit court to review the evi- dence taken by the justice to ascertain whether he had

legal evidence of each material fact, which we need not consider.

What has been said is quite as applicable to the question relating to the failure to allege or show that the defendant was not within the exception of the statute. We cannot say but that there was direct and positive evidence that the defendant was neither druggist nor registered pharmacist, and we are not prepared to say that a justice might not infer the fact from the situation and character of the place where the liquor was sold, and the nature of the transaction.[1]

The defendant's arrest is said to have been the outgrowth of a purchase by the complainant with that object in view, and requests to charge were based upon that fact, which the court did not give; but we think that he covered the subject. It was perhaps proper for counsel to argue to the jury that the complainant was a "hired witness" and "a spy," and that "he was willing to and did ask the defendant to violate the law for the sole and express purpose of making a case and instituting a criminal prosecution against him;" but it was unnecessary for the court to do more than to inform the jury that such facts, if proved, were to be considered in determining the credit due to his testimony. Similar instructions in favor of the prosecution and against the defendant, had the facts been reversed, would have been distasteful to counsel, and erroneous, if the facts were open to question.

The record of the board of supervisors was produced and received in evidence. The reading was waived by counsel. He now insists that it was error to instruct the jury that Act No. 207 was in force in the county. As defendant has not seen fit to print this evidence, we cannot tell whether the court erred in this instruction or not. Presumably he read this evidence, and decided that

---

[1] See *People* v. *Berry*, *ante*, 256.

it was sufficient proof. It was for the court to determine that question, and for the jury to follow his direction in regard to it. Hence it was immaterial whether the proceedings were read audibly in the presence of the jury or not.

We think there is no occasion to discuss the case further. We find no error, and the conviction will be affirmed.

The other Justices concurred.