## TERRITORY OF HAWAII *v.* SING KEE alias AH SAM.

### EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED JANUARY 5, 1903.        DECIDED FEBRUARY 16, 1903..

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In a case where, under the statute, an arrest may be made without a warrant, the District Court before which the accused is taken for trial acquires jurisdiction even though a warrant of arrest which was served upon such accused at the time of the making of the arrest was improperly issued by reason of defectiveness of the complaint or affidavit upon which it was based.

The "complaint" referred to in Section 606 of the Penal Laws is not the *charge* upon which the defendant is tried in the District Court. Under the practice prevailing in District Courts, such charge is orally entered upon the appearance of the defendant and is noted by the Magistrate in his docket.

Evidence otherwise competent and admissible, is not rendered inadmissible by the mere fact that it was obtained by an unauthorized search of the premises of the defendant.

The testimony of informers is to be judged, as to its truthfulness, by the same tests as that of other witnesses.

Certain alleged errors in the admission of evidence held cured by the charge.

#### OPINION OF THE COURT BY PERRY, J.

The defendant was tried and convicted in the District Court of Koloa, Kauai, of the offense of selling spirituous liquor without a license. After trial, on appeal, in the Circuit Court of the Fifth Circuit, the jury rendered a verdict of guilty. The case comes to this Court on a number of exceptions.

1. Before the drawing of the jury, the defendant presented a motion to dismiss the proceedings and for a discharge, upon the grounds, (a) that the District Magistrate of Koloa had no

jurisdiction of the person of the defendant, (b) "that the complaint upon which the defendant was arrested and tried does not sufficiently state any cause" and (c) "that said complaint does not state any direct and positive offense, but is sworn to on information and belief, contrary to law."

These objections to the affidavit, so far as they bear upon the question of the jurisdiction of the District Court, need not be passed upon, for even if the warrant was improperly or illegally issued by reason of its being based upon an affidavit insufficient in form or in substance, the District Court nevertheless had jurisdiction. The evidence shows that when the offense was committed police officers were present, about fifty feet away from the spot, in a store, where the liquor was handed over, and saw such delivery, and that they immediately rushed in and arrested the defendant. Under these circumstances an arrest without a warrant was legal. See sections 545 and 547, Penal Laws.

The contention that the "complaint upon which the defendant * * * was *tried* does not sufficiently state any cause," would seem to be based upon a misconception of the true function of the affidavit or so-called complaint. The sole function of the complaint, as provided for by section 606 of the Penal Laws, is to support the issuance of the warrant or, in other words, to enable the magistrate to determine whether or not there is probable cause to believe that an offense has been committed by the accused so as to justify his apprehension. The *complaint* referred to in that section is not the *charge* upon which the defendant is tried, although it is a statement in substance, and may also be in exact language, of the offense to be set forth in the charge subsequently entered against the defendant in Court. The *charge* itself is, under the practice prevailing in the District Courts, entered orally by the prosecuting officer upon the defendant's appearance and noted by the magistrate in his record, and it is upon the charge as thus entered that the trial is had. The precise form of the charge entered against this defendant in the District Court of Koloa, is not disclosed by the record before us, nor does it ap-

pear that any objection was made on the ground of its insufficiency, although the defendant was present and represented by counsel. . We cannot assume, under these circumstances, that the charge as entered did not state an offense.

2.   An exception was taken to the introduction in evidence of certain liquor and to the admission of testimony concerning the finding of such liquor, on the ground that the search-warrant issued did not authorize the search of the building in which such liquor was found. The search-warrant directed search to be made on "the premises of Sing Kee" situate "at Eleele, Koloa, Kauai, on the mauka side of the main road leading past the mill (old) going to Hanapepe." The evidence is undisputed that the building in question was within the same enclosure or yard in which Sing Kee's store stood. The words of the description, "the premises," are sufficient to include the second building as well as the store. But even if the search, as to the second building, was unauthorized, that would not of itself render the evidence thus found incompetent or inadmissible. See *Gindrat v. The People*, 138 Ill. 103, 4; *Williams v. The State*, 39 L. R. A. (Ga.) 269.

3.   The admission in evidence of the liquor found in the second house was excepted to on the further ground that no evidence was adduced to show that the defendant had control of the house. With this, three other exceptions may be considered. One is to the admission of the testimony of a witness for the prosecution that in his opinion the total quantity of liquor found on the premises was more than is reasonably required for the use of one person or family; another, to a ruling permitting the deputy sheriff to read from his return endorsed on the search-warrant a list of the liquor found; and the third to a ruling permitting the prosecuting officer to read to the jury section 454, Penal Laws, which provides, *inter alia*, that "there being on such premises" (of any person) "more spirituous liquor than is reasonably required for the use of the persons residing therein, shall be deemed *prima facie* evidence of the unlawful sale of spirituous liquor by such person." This evidence was offered and received, and the section read, evidently for the

purpose of attempting to establish a *prima facie* case by reason alone of the possession of an unreasonable quantity of liquor. This phase of the case, however, was eliminated from the consideration of the jury by the court in its charge, and whatever error was committed was thus cured. The court charged the jury that the prosecution was under Section 444 of the Penal Laws, read section 457 which provides that delivery of spirituous liquor shall be deemed *prima facie* evidence of money or other consideration having passed, and said that it would not give the instruction (evidently such had been requested by the prosecution) as to Section 454 with reference to the quantity of liquor found. The presiding judge also said, in substance, that he had read the law which was applicable to the case, that the other questions of law which had been raised during the progress of the trial were to be disregarded by the jury, and that the sole issue before them was whether the three bottles of beer, which the defendant was charged with having sold, had been handed to the prosecuting witness for the consideration of one dollar, as testified to by the witnesses for the prosecution, or merely as a gift as testified to by the defendant and his witnesses. The defendant had admitted on the stand the delivery of the beer. Without reciting further the details of the charge, we think that the presiding judge made it clear to the jury that the question of the reasonableness or unreasonableness of the quantity of liquor found was not to be considered by them, that the one question of credibility was all that was to be determined and that that was with reference to the fact of consideration or no consideration and not with reference to the fact of delivery.

4.  The court refused to give three instructions requested by the defendant, the substance of which was that the evidence of an informer, especially a "volunteer" informer, should be received "with caution and distrust," "with great caution and distrust," and should be "rigidly scrutinized," and that "the greatest caution" should be "exercised by the jury in giving credence and weight" to such evidence. In this there was no error. The instructions requested did not correctly state the law. The tes-

timony of informers is to be judged, as to its truthfulness, by the same tests as that of other witnesses. The motive or lack of motive, and the interest or lack of interest of a witness, in the matter concerning which the testimony is given, is always to be considered by the jury in determining what weight to give to such evidence, but this applies to *all* witnesses and not to informers only. The instructions requested went too far in singling out the informers as undeserving of credence. See *Honreck v. People*, 134 Ill. 139, 147; *U. S. v. Slenker*, 32 Fed. 691, 693; *Com. v. Ingersoll*, 145 Mass. 231. An instruction could, doubtless, have been given, touching upon the tests of credibility generally and this one of motive and interest in particular, which would have served as a guide to the jury in determining what weight to give to the evidence of the informer as well as to that of the other witnesses in the case and which would have been fair to the prosecution as well as to the defense, but none such was asked.

The exceptions are overruled.

*J. W. Cathcart*, Deputy Attorney-General, for the prosecution.

*Creighton & Correa* for the defendant.