(January 18, 1911.)

STATE, Respondent, v. FRED W. JORDAN, Appellant.

[112 Pac. 1049.]

INFORMATION — MOTION TO QUASH — LOCAL OPTION — PROHIBITION DISTRICT—JURY—CHALLENGE TO PANEL—QUALIFICATION OF OFFICER SUMMONING—WHEN LAW TAKES EFFECT—INSTRUCTION.

(Syllabus by the court.)

1. The fact that other persons hold licenses, issued prior to the passage of the local option statute, which permit them to sell and dispose of intoxicating liquors, does not prevent the local option statute from operating after its adoption, as provided therein, and prohibiting the sale and disposition of intoxicating liquors by all other persons.

2.  The provision in the local option statute "that no license issued prior to the passage of this act should be terminated or in any manner affected by this act, or by any election held hereunder," does not prevent the creation of a county into a prohibition district upon the holding of an election, and the declaring of the result, as provided in said act.

3.  Under the provisions of sec. 7824, Rev. Codes, when a panel is formed, or in part formed, from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground for challenge to a juror.

4.  Under the provisions of sec. 7834, Rev. Codes, a challenge for implied bias may be taken upon the ground of being a witness for the prosecution, or subpoenaed as such.

5.  Under the provisions of these sections a challenge to the special panel may be taken for the implied bias of the officer summoning the same, when it appears that he is a witness for the prosecution.

6.  It is for the court to determine when the local option law becomes operative in any prohibition district created under its provisions, and the court is authorized to instruct the jury as to the date when such law becomes operative in such prohibition district.

APPEAL from the District Court of the Fourth Judicial District, for Lincoln County. Hon. Edward A. Walters, Judge.

Prosecution for sale of intoxicating liquors contrary to the local option statute. Judgment of conviction. Defendant appeals. *Reversed.*

James R. Bothwell, for Appellant.

"Panel includes within its definition jurors returned upon the special venire to fill out a deficiency after a regular panel has been exhausted." (*People v. Coyodo,* 40 Cal. 586.)

Sec. 1064, Kerr's Cal. Codes, is identical with sec. 7824, Rev. Codes of Idaho, except "or in part formed" is omitted.

The same test applies as to bias of elisor and talesmen. (*People v. Teshara,* 134 Cal. 542–544, 66 Pac. 798.)

If the intent was to interpose a challenge to a panel called on special venire, this could only be done on account of the bias of the officer who summoned them, which would be good

ground of challenge to a juror. (*People v. Oliveria,* 127 Cal. 376, 59 Pac. 772, and cases cited.) These cases recognize the right to challenge a panel in the exact words of the statute. (*People v. Fellows,* 122 Cal. 233, 54 Pac. 830, and cases cited.)

If L. M. Zug could not sit as a juror because of implied bias set forth by the statute, he certainly, under sec. 7824, could not summon jurors that were not subject to challenge for implied bias. (*People v. Coyodo, supra.*)

"It is a general rule that in proceedings under a local option law, such as a prosecution for violation of it, the fact of the law being in force being duly proved, it is not necessary for the state to present evidence that each of the necessary preliminary steps was taken, or of their regularity, this being presumed from the proof of the general result." (23 Cyc. 91.)

Thus it would seem that at least some degree of proof was necessary to show that Lincoln county was a local option district. The record fails to disclose that such an election was held.

D. C. McDougall, Attorney General, J. H. Peterson, O. M. Van Duyn, Assistants to the Attorney General, and Frank T. Disney, for Respondent.

"The great purpose of the right to challenge a juror for actual or implied bias is to secure to the defendant and the state a fair and impartial jury, and when it is apparent from the record, as it is in this case, that this end was reached, this court will not reverse the judgment of the trial court." (*State v. Gordon,* 5 Ida. 299, 48 Pac. 1061; *State v. McClear,* 11 Nev. 39; cases under note 1, 12 Cyc. 910; cases under sec. 3084, p. 873, 15 Cent. Dig.)

Under the circumstances, it was proper for the court to instruct that the territory included within Lincoln county on the date alleged in the information was a prohibition district. (Joyce on Intoxicating Liquors, sec. 418.)

STEWART, C. J.—A complaint was sworn to before the probate judge of Lincoln county by L. M. Zug, charging the appellant with the crime of selling and disposing of intoxicating liquors to one O. E. Blair, within a prohibition district of the state of Idaho, contrary to the provisions of Senate Bill No. 62, Sess. Laws of Idaho, 1909.

Upon this complaint a warrant was issued and appellant was brought before the probate judge, and demanded a trial by jury, on the ground that Lincoln county was not a prohibition district. This was denied by the probate judge and a preliminary examination was held, and the appellant was held to answer to the district court. In the district court the prosecuting attorney filed an information against the defendant, charging him with the crime of selling and disposing of intoxicating liquors to one O. E. Blair, and within a prohibition district of the state of Idaho, contrary to Senate Bill No. 62, Sess. Laws of Idaho, 1909.

When he was arraigned upon the information filed in the district court, and before plea, he filed a motion to set aside the information upon the ground, in substance, that the offense charged in such information was triable, in the first instance, in the probate court, and that the probate court of said county had no authority to hold a preliminary examination therefor, or to hold the defendant for trial to the district court. This motion was overruled and the trial proceeded, and the appellant was convicted and sentenced to imprisonment in the county jail for a term of three months, and to pay a fine of $500 and costs of prosecution.

A motion for a new trial was made and overruled. This appeal is from the judgment and from the order overruling the motion for a new trial.

The first question for consideration on this appeal is: Did the trial court err in refusing to quash and set aside the information? In support of this motion the appellant offered in evidence the proceedings before the probate judge, among which was an admission made by the prosecuting attorney to the effect that, on or about March 4, 1910, the day the

crime is alleged to have been committed by the appellant, intoxicating liquors were being sold in Lincoln county, state of Idaho, as a beverage, under license granted by the board of county commissioners of said county and state, as provided by sec. 1508 of the Rev. Codes of Idaho, and that saloons were in operation in said county on said day.

The charge made in the information is, that the appellant, on or about the 4th day of March, 1910, "did wilfully and unlawfully, directly and by device and subterfuge, sell, furnish and give away and dispose of intoxicating liquors, namely whisky, to one O. E. Blair, and not upon the prescription of a duly licensed physician, within a prohibition district of the state of Idaho, and contrary to Senate Bill No. 62, Sess. Laws of Idaho of 1909, all of which is contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Idaho."

To support the appellant's motion, therefore, it was necessary for him to show that Lincoln county was not a prohibition district at the time the crime is charged to have been committed, as alleged in the information.

Sec. 7 of the local option statute, Laws of 1909, p. 9, provides that if a majority vote has been obtained in favor of the proposition submitted, it shall thereafter be unlawful for the board of county commissioners of the county to grant any license to sell or dispose of any intoxicating liquors, and sec. 8 of said act provides: "No license issued prior to the passage of this act shall be terminated or in any manner affected by this act, or by any election held hereunder." Sec. 28 of said act defines a prohibition district as follows: "A prohibition district within the meaning of this act is any district or territory in the state of Idaho in which the sale of intoxicating liquors is prohibited by law."

These provisions must all be construed together, and while a county becomes a prohibition ^district upon an election being held therein for the purpose of voting upon said proposition, and the canvass of the returns and the declaring of the result by the board of county commissioners, yet

intoxicating liquors may be sold in said prohibition district, under licenses issued in accordance with law prior to the passage of said local option statute.

The fact that liquor was being sold in said county under licenses was not sufficient to prove that said county was not a prohibition district as provided by said local option statute. It was incumbent upon the appellant, in support of his motion to dismiss, to show that he was not subject to the provisions of the statute regulating the prohibition of sales within a prohibition district, and the fact that others held licenses issued prior to the passage of the local option statute, which permitted them to sell intoxicating liquors, as provided in said act, did not protect the appellant, or render such county a nonprohibition district.

In the case of *Gillesby v. Board of Commissioners*, 17 Ida. 586, 107 Pac. 71, this court held: "It is entirely within the province of the legislature to enact a statute, the provisions of which will not become operative until a future date, and to specify upon what conditions or event such statute will become operative." The legislature, having provided, as was clearly within its authority, that licenses granted before the passage of the act should not in any way be affected by the provisions of said act, did not prevent the creation of a county into a prohibition district upon the holding of an election and the declaring of the result, as provided in said act.

The court, therefore, did not err in overruling the motion to quash and set aside the information.

The next question presented on this appeal is the ruling of the trial court on appellant's challenge to the special venire. When the cause was called for trial on April 4, 1910, and before any juror was sworn, the appellant interposed a challenge in writing to the special venire returned on the 28th day of March, 1910, and as grounds for said challenge alleged implied bias on the part of L. M. Zug, the officer who summoned the said special venire, in that said L. M. Zug is a witness for the prosecution, and that the information shows

that it was upon the depositions of L. M. Zug and O. E. Blair that the defendant was held to answer in the district court.

The prosecuting attorney admitted the facts stated in the challenge, but denied that such facts were sufficient to sustain the challenge. Upon the hearing of said challenge the defendant introduced in evidence the special venire, together with the return made by L. M. Zug, deputy sheriff, showing his selection and summons to appear, of fourteen jurors for the March term, 1910, of said court.

It was also stipulated between counsel for appellant and the prosecuting attorney that the facts alleged in the defendant's written challenge to said panel were true and correct, and that L. M. Zug, selecting officer of said special panel is a witness for the prosecution. It also appears from the record that on March 5, 1910, the trial judge made an order directing that a jury consisting of thirty-two jurors be drawn by a proper officer according to law, and summoned to appear to serve as such on March 24, 1910. It further appears from the minutes of the court that during the trial of one Henry Berger, and on the 26th day of March, the regular jury so drawn was exhausted, and the court thereupon issued an order commanding the sheriff of said county to summon from the body of the county fifteen jurors to be and appear in the district court on the 28th day of March, to act as trial jurors during the March term, A. D. 1910. These jurors, it appears, were selected and summoned by L. M. Zug, and became regular trial jurors for that term. At the conclusion of the testimony the trial court overruled the challenge, and this is assigned as error.

The attorney general admits that a witness for the prosecution would be incompetent to serve as a juror in a criminal case, and he also admits that the same ground for challenging a juror exists under the statute for challenging an officer who summons a jury, but argues that inasmuch as it did not appear at the time the challenge was heard that Zug was a material witness for the prosecution, and it was not shown that his testimony was as to material facts in the case, the

mere fact that he was a witness was not alone sufficient to show implied bias.

Rev. Codes, sec. 7824, provides: "When the panel is formed, or in part formed, from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror. Such challenge must be made in the same form, and determined in the same manner, as if made to a juror." Rev. Codes, sec. 7818, provides: "A challenge to the panel is an objection made to all the jurors returned, and may be taken by either party." Sec. 7820 provides: "A challenge to the panel must be taken before a juror is sworn, and must be in writing, and must plainly and distinctly state the facts constituting the ground of challenge." Rev. Codes, sec. 7834, provides: "A challenge for implied bias may be taken for all or any of the following causes, and for no other . . . . 6. . . . . being a witness for the prosecution, or subpoenaed as such."

Under the provisions of this latter section, had L. M. Zug been called as a juror, he would have been subject to challenge for implied bias, because of the fact that he was a witness for the prosecution, and sec. 7824, *supra*, authorizes a challenge to the panel on account of the bias of the officer who summons a jury, upon the same ground that a challenge could be made to a juror.

If, then, a challenge would have been entertained against Zug if called as a juror because he was a witness for the prosecution, a challenge would also lie, upon the same ground, to the jury panel summoned by him. If he would not be qualified as a juror because of implied bias, he would also be disqualified, for the same reason, to summon a jury formed, or in part formed, from persons whose names are not drawn as jurors.

The provisions of the statute do not leave the question of bias open to investigation. It is expressly declared that a witness for the prosecution is disqualified from sitting as a juror because of implied bias, and the statute also declares positively that for the same reason a panel formed, or in

part formed, from persons whose names are not drawn as jurors, and selected by an officer, may be challenged upon the ground of such implied bias.

This precise question has been considered by the supreme court of California, under a statute almost identical with that of this state, and the court says, in the case of *People v. Coyodo,* 40 Cal. 586: "At the trial, from the regular panel, ten jurors were selected and sworn—the regular panel being then exhausted. By this time the defendant had exhausted all his peremptory challenges. A special venire for six additional jurors, having been issued, was served by the sheriff, and the jurors summoned appeared in court. The defendant then interposed a challenge to the panel returned on the special venire, on the ground that the sheriff had formed and expressed an unqualified opinion that the defendant was guilty. The challenge was denied, and on the trial of it the sheriff was sworn, and from his evidence it appears plainly enough that he had formed and expressed such an opinion as would have disqualified him from serving as a juror in the case. Sec. 337 of the Criminal Practice Act provides that a challenge may be made to the panel on account of any bias of the officer summoning them, which would be good ground of challenge to a juror." (*State v. Kent,* 4 N. D. 601, 62 N. W. 631, 27 L. R. A. 686.)

There is a very strong reason for the rule announced by the statute. The officer having the order for the special venire, in serving the same, would have power to exercise his judgment partially, and to summon jurors who he might think would favor the prosecution, and thus return a jury wholly favorable to the prosecution, and it is because such power might be executed partially that the statute makes the fact that the officer is a witness for the prosecution a cause for challenge to the panel, thus selected by him, on the ground of implied bias.

For this reason we think the court erred in denying the challenge to the jury panel.

It is also contended that the court erred in giving the following instruction to the jury: "The state further instructs

you, gentlemen, that the territory embraced within the county
of Lincoln was a prohibition district on the 4th day of March,
1909, and at said date it was a violation of the laws of this
state for any person, either directly or by device or subter-
fuge, to sell, furnish, give away or otherwise dispose of in-
toxicating liquors of any kind in said Lincoln county at said
date.''

The objection to this instruction presents a serious and
interesting question, and one that is not entirely easy of
solution. It will be observed by the language of the instruc-
tion that the trial court told the jury that Lincoln county
was a prohibition district. Under the local option statute
the creation of a prohibition district depends upon a vote
of the people of the county, and the declaration of the board
of county commissioners declaring the result of such election,
and the action thus taken must necessarily be brought to the
attention of the trial court in some manner.

The attorney general contends, first, that the court will
take judicial notice of the holding of an election and the
result, and if such is not the law, then the question is one to
be determined by the court, and not by the jury, and that
the instruction is a correct statement of the law, whether the
court takes judicial knowledge of the holding of an election
and the declaration of the result, or determines such matter
upon proof.

Sec. 12, p. 13, of the local option statute provides: ''In
any complaint, information or indictment for selling or dis-
posing of intoxicating liquors without license in a prohibition
district, it shall not be necessary to set forth, neither shall
it be necessary to prove upon the hearing or trial the facts
showing that the required number of voters petitioned for
the election, that the election was held, or that a majority
voted in favor of prohibiting the sale as herein provided,''
and sec. 7 of said act provides: ''The board of county com-
missioners shall meet within ten days after such special elec-
tion, and canvass the returns and declare the result of the
election; if a majority of the votes cast at such election shall
be in favor of the proposition submitted, it shall thereafter

be unlawful for the board of county commissioners of the county to grant any person, firm, association, corporation or club a license to sell and . . . ." From this latter section the local option statute becomes operative in a county from the holding of an election and the declaring of the result of such election by the board of county commissioners, and it no doubt was the intention of the legislature to dispense with proof of the facts referred to in sec. 12 upon the trial of the cause, and to leave to the court the determination of the time at which the local option statute becomes operative in any given county. The court should determine this matter upon proof. No doubt in the first instance the introduction of the order of the board of county commissioners showing the canvass and declaration of the result is sufficient to authorize the court to instruct the jury that the territory embraced within a given county became a prohibition district on the date such result was so declared, and if the creation of the district is contested, the defendant should be given an opportunity to go into the creation of such district from its inception. In this instance the court seems to have been satisfied with the proof made that Lincoln county was created into a prohibition district, and we see no reason to interfere with the court's conclusion upon this proof, and therefore find no error in the instruction. (Joyce on Intoxicating Liquors, sec. 418; *State v. O'Brien,* 35 Mont. 482, 90 Pac. 514, 10 A. & E. Ann. Cas. 1006; *People v. Bennett,* 107 Mich. 430, 65 N. W. 280.)

There are other questions discussed which may not arise upon a retrial of this case, and which will not be considered. The judgment is *reversed,* and a new trial ordered.

Ailshie, J., and Sullivan, J., concur.