## TERRITORY v. GARNETT M. BURUM.

## No. 2263.

SUBMITTED JANUARY 7, 1937.          DECIDED JANUARY 25, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY PETERS, J.

On October 11, 1935, the public prosecutor of the City and County of Honolulu filed in the first circuit court an information charging the appellant and two others with the offense of conspiracy in the third degree. To the information appellant filed a plea of former jeopardy alleging in substance that on September 20 preceding, after trial before a magistrate of the district of Honolulu, he had been acquitted upon a similar charge. The offense of conspiracy in the third degree is a misdemeanor and within the criminal jurisdiction of district magistrates. It is also within the criminal jurisdiction of circuit courts. The plea was overruled by the court and its ruling thereon is assigned as error. Upon trial the appellant was convicted of the offense charged in the information.

An indispensable prerequisite to the prosecution of the appellant in the district court for the offense of conspiracy

in the third degree was a criminal complaint or charge charging him with that offense. *(Prell* v. *M'Donald,* 7 Kan. 266, 280.) In its decision overruling the plea of former jeopardy the circuit court found as a fact that in the proceedings had before the district magistrate upon which the claim of former jeopardy is predicated no criminal charge of a similar offense had been entered against the appellant. This finding depending as it did on the credibility of witnesses and the weight of evidence under the provisions of section 3563, R. L. 1935, is binding upon this court. There is ample substantial evidence to sustain the finding. It is undisputed that on September 9, 1935, one of the magistrates of the district of Honolulu, conformable to the provisions of section 5470, R. L. 1935, issued a warrant for the arrest of the appellant upon a complaint charging him jointly with the same two co-defendants named in the information, with the offense of conspiracy in the third degree; that the offense alleged in the complaint upon which the warrant was thus issued is in terms the same offense alleged in the information; that after the arrest of appellant and his appearance in court the case against him was continued from time to time, resulting finally on September 20, 1935, in being stricken from the calendar of the court on motion of the prosecuting officer; that no charge was entered against the appellant either orally or in writing and that the official record of the magistrate fails to disclose the entry of any charge against the appellant. There is also evidence to sustain a finding that the appellant was never arraigned in the district court upon or plead to any criminal charge. Obviously if the district court never acquired jurisdiction of any cause of the Territory against the appellant charging him with the offense for which he was later prosecuted in the instant case, appellant has not been twice in jeopardy for the same offense and the proceedings had in the dis-

trict court may be dismissed from further consideration.

It has long since been decided by this court that the complaint referred to in section 5470, R. L. 1935, is not the charge upon which a defendant is tried in the district court; that "the sole function of the complaint, as provided for by [that] section * * * is to support the issuance of the warrant or, in other words, to enable the magistrate to determine whether or not there is probable cause to believe that an offense has been committed by the accused so as to justify his apprehension;" that "the *complaint* referred to in that section is not the *charge* upon which the defendant is tried, although it is a statement in substance, and may also be in exact language, of the offense to be set forth in the charge subsequently entered against the defendant in Court;" and that "the *charge* itself is, under the practice [then] prevailing in the District Courts, entered orally by the prosecuting officer upon the defendant's appearance and noted by the magistrate in his record, and it is upon the charge as thus entered that the trial is had." *Ter. of Hawaii* v. *Sing Kee,* 14 Haw. 586, 587. We are informed that this same method of entering a criminal charge in the district court still prevails. The complaint and warrant of arrest issued thereon are but the means by which the court acquires jurisdiction of the person of the defendant. A charge must be entered before the magistrate obtains jurisdiction of the cause against the defendant. *(Keeler* v. *Milledge,* 24 N. J. L. 142, 145.)

The finding that no charge was entered against the appellant in the district court not alone finds support in the oral evidence of the attaches of that court but also in the official record of the magistrate. The law presumes that officials perform their statutory duties and it is reasonable to assume that those upon whom section 3774, R. L. 1935, imposes the duty to "preserve in written detail the minutes and proceedings of their trials, transactions, and judg-

ments, with the substance of the testimony and the facts upon which their decisions rest" properly perform their duty. Hence the presumption, that if a charge had been entered against the defendant the record of the magistrate would disclose it. A laxity characterized the proceedings in the district court which even the informality of the practice in that court does not excuse. But upon the state of the record in the instant case the finding of the circuit court upon the plea of former jeopardy may not be disturbed.

Under the circumstances the district magistrate never had jurisdiction of any criminal proceedings against the appellant of any offense or of the offense of which appellant claims to have been acquitted after trial. In the absence of a formal charge the proceedings in the district court were a nullity. (*Ex parte Bain,* 121 U. S. 1.) And this is so despite the claim of the appellant that he waived the necessity of the entry of a charge against him. There are many constitutional rights which a defendant may waive in a criminal case but the entry of a charge against him is not one of them. (*Albrecht* v. *United States,* 273 U. S. 1; *Ex parte Bain, supra; Weeks* v. *United States,* 216 Fed. 292, cert. den. 235 U. S. 697.) Hence assuming, but not deciding, that the appellant was "acquitted" "after trial" before the magistrate of the same offense of which he stands convicted in the instant case, the proceedings before the magistrate in the absence of the entry of a criminal charge against him did not constitute jeopardy. (*United States* v. *Ball,* 163 U. S. 663, 669; *Grafton* v. *United States,* 206 U. S. 333, 345.)

The errors assigned are overruled and the judgment affirmed.

*F. Patterson* for appellant.

*J. C. Kelley,* Public Prosecutor, and *C. E. Cassidy,* Assistant Public Prosecutor, for the Territory.