## TERRITORY OF HAWAII *v.* FRANCES MIX.

## NO. 3006.

ARGUED JUNE 15, 1955.                    DECIDED JULY 29, 1955.

TOWSE, C. J., STAINBACK AND RICE, JJ.

#### OPINION OF THE COURT BY TOWSE, C. J.

Writ of error is prosecuted from a judgment of the circuit court after trial, jury waived, finding the plaintiff in error guilty of engaging in prostitution in violation of section 11673.01, Session Laws of Hawaii 1949.

The sole specification of error asserts that the court erred in finding the plaintiff in error guilty because the complaint was not subscribed by the complainant under oath as required by the provisions of section 10770, Revised Laws of Hawaii 1945.

The single question for determination is: Were the statutory provisions prescribing the manner in which a defendant in a criminal proceeding is brought within the jurisdiction of the trial court complied with in the circumstances presented?

Facts pertinent to the disposition of this question dis-

close that the complainant signed two complaints after taking but one oath before the prosecuting officer, the first against the plaintiff in error and the second against the taxi driver who allegedly drove the complainant to the plaintiff in error's residence. It is conceded that the complainant read both of the complaints and understood the contents thereof prior to taking the oath before the prosecuting officer. Both complaints were in open view on a desk before the complainant at the time the oath was administered. It is also undisputed that the complainant understood the nature and sanctity of the oath administered to him prior to signing the complaints. The complainant states, however, that in subscribing the two complaints after being administered the oath, he was unaware of the order in which he signed them .

Plaintiff in error urges the legal insufficiency of the complaint herein upon the grounds that the complainant was administered and swore to but a single oath and thereupon signed two complaints consecutively without ascertaining which of the two complaints he subscribed first. Upon this premise, it is contended that the warrant issued for the arrest of the plaintiff in error was invalid and failed to confer jurisdiction upon the trial court.

Section 10770, Revised Laws of Hawaii 1945 prescribes the manner in which a defendant shall be brought within the jurisdiction of the trial court. The section, in its pertinent parts, provides:

"* * * *Complaint; form of warrant.* Upon complaint made to any prosecuting officer of the commission of any offense, he shall examine the complainant, shall reduce the substance of the complaint to writing and cause the same to be subscribed by the complainant under oath, which he is hereby authorized to administer. Upon presentation of the written complaint to the magistrate within whose district the offense is alleged to have been committed such

magistrate shall issue his warrant, reciting the complaint and requiring the high sheriff, or other officer to whom it is directed (except as provided in the next succeeding section), forthwith to arrest the accused and bring him before the magistrate to be dealt with according to law * * * ."

The foregoing language mandates two prerequisites to the issuance of a valid warrant of arrest: First, that the complaint be reduced to writing after an examination of the complainant by the prosecuting officer; and second, that it be subscribed by the complainant after some outward formality and patent manifestation placing the complainant under the obligation and penalty of an oath. (See *State* v. *Tull,* 333 Mo. 152, 62 S. W. [2d] 389; *Spangler* v. *Dist. Ct. of Salt Lake County,* 104 Utah 584, 140 P. [2d] 755.)

We find that the facts and circumstances detailed hereinabove establish a sufficient compliance with the requirements of the statute. That the complainant subscribed two complaints consecutively after being administered but a single oath does not, as a matter of law, invalidate the warrant for the arrest of the plaintiff in error. The requirement that the complaint "be subscribed by the complainant under oath" does not in our opinion *ipso jure* preclude a complainant from subscribing two complaints consecutively after being sworn thereto by but a single oath.

The complaint against the plaintiff in error, having been subscribed by the complainant with admitted knowledge of the contents thereof and with an understanding of the nature and sanctity of the oath as administered, was manifestly in sufficient compliance with the provisions of section 10770, *supra,* to bring the plaintiff in error within the jurisdiction of the trial court.

Our conclusion that the complaint against the plaintiff

in error was validly subscribed under oath renders unnecessary a determination of the issue raised in the briefs of both parties relating to plaintiff in error's waiver of any alleged defect in the complaint in voluntarily submitting herself to the jurisdiction of the trial court by entering a plea of not guilty and proceeding to trial without objection.

Judgment affirmed.

*J. E. Ahrens* (also on the briefs) for plaintiff in error.

*G. F. St. Sure,* Public Prosecutor (also on the brief), for defendant in error.