## TERRITORY OF HAWAII *v.* CAROL WILLIAMS ALSO KNOWN AS VERNESTINE WRIGHT.

### NO. 3004.

ARGUED OCTOBER 20, 1955.                    DECIDED FEBRUARY 10, 1956.

TOWSE, C. J., STAINBACK AND RICE, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

This is a writ of error from a judgment finding the plaintiff in error guilty of engaging in prostitution in violation of section 11673.01, Session Laws of Hawaii 1949.

Facts pertinent to the issues disclose that the defendant below was arrested upon a written complaint signed by Justo Malunao, was found guilty in the district court, an appeal for trial by jury taken to the circuit court, where, upon arraignment, the defendant waived formal reading of the complaint, consented to entry of the charge, and pleaded not guilty.

During the course of the trial, the complainant testified that he was unable to read and could speak but very little of the English language. Concerning the execution of the complaint, he testified that without any prior explanation and lacking knowledge of its contents, he had raised his hand and signed the document. The complainant admitted that he had been placed under oath.

By way of rebuttal, a deputy prosecutor was permitted to narrate the conversation between himself and the complainant prior to execution of the complaint. The testimony, in part, related to identification of the complainant and his knowledge of the defendant; that he had engaged in sexual relations with the defendant on the date alleged in the complaint; the amount he had paid therefor; and whether all of the foregoing statements were true.

At the conclusion of the Territory's case the defendant moved for a directed verdict upon the ground that the evidence indicated as a matter of law that the trial court lacked jurisdiction over the defendant. The motion was denied. A verdict of guilty was returned and judgment entered thereon.

Plaintiff in error now contends that the failure to comply with section 10770, Revised Laws of Hawaii 1945, precluded the trial court from acquiring jurisdiction over the defendant. It is argued, first, that the trial court erred in admitting the testimony of the deputy prosecutor relating to his conversation with the complainant immediately prior to and at the time the complaint was subscribed; second, that the trial court erred in denying the motion for a directed verdict of not guilty upon the ground that the evidence indicated that the complaint was not executed under oath.

Two issues are presented, *viz:*

First: Was the testimony of the deputy city and county prosecutor hearsay?

Second: Was the complaint subscribed under oath as required by Revised Laws of Hawaii 1945, section 10770; and if not was the circuit court deprived of jurisdiction over the person of the defendant and the cause against her?

Section 10770, Revised Laws of Hawaii 1945, provides in part:

"* * * Complaint; form of warrant. Upon complaint made to any prosecuting officer of the commission of any offense, he shall examine the complainant, shall reduce the substance of the complaint to writing and cause the same to be subscribed by the complainant under oath, which he is hereby authorized to administer. Upon presentation of the written complaint to the magistrate within whose district the offense is alleged to have been committed such magistrate shall issue his warrant, reciting the complaint

and requiring the high sheriff, or other officer to whom it is directed * * *, forthwith to arrest the accused and bring him before the magistrate to be dealt with according to law; * * *."

Whether an extrajudicial declaration constitutes hearsay is dependent upon the ultimate fact which it is introduced to establish. By challenging the validity of the complaint the defendant placed all relevant facts, acts, and circumstances requisite to the administration of the oath in issue. Among such facts were whether the complainant understood the contents of the complaint, whether the complainant was aware of the "nature and sanctity of the oath" (*Territory* v. *Mix,* 41 Haw. 163), and whether with such understanding, he did in fact subscribe to the oath.

The interrogation of the complainant by the deputy prosecutor prior to its execution was directed at the subject matter of the complaint and constituted circumstantial evidence relating to whether Malunao was advised and informed of its contents. To such informative declarations the hearsay rule does not apply, for, "Wherever an utterance is offered to evidence the *state of mind* which ensued *in another person* in consequence of the utterance, it is obvious that no assertive or testimonial use is sought to be made of it, and the utterance is therefore admissible, so far as the Hearsay rule is concerned." (Wigmore on *Evidence,* 3d ed., § 1789, vol. VI, p. 235; *e.g., Smith* v. *Whittier,* 95 Cal. 279, 30 Pac. 529; *State* v. *Perretta,* 93 Conn. 328, 105 Atl. 690; *Duren* v. *State,* 158 Ga. 735, 124 S. E. 343; *Hill* v. *May,* 205 Iowa 948, 218 N. W. 946; *State* v. *Sparacino,* 164 La. 704, 114 So. 601.)

A complainant's responsive testimony to such preliminary interrogation constitutes circumstantial evidence manifesting knowledge, or lack thereof, of the contents of the complaint. Admissibility of such utterances is charac-

terized in Wigmore on *Evidence*, 3d ed., section 1790, vol. VI, p. 237, *viz:*

"The condition of a speaker's mind, as to knowledge, belief, rationality, emotion or the like, may be evidenced by his utterances, either used testimonially as assertions to be believed, or used circumstantially as affording indirect inferences. * * * The usual resort is to utterances which circumstantially indicate a specific state of mind causing them.

"To such use, then, the Hearsay rule makes no opposition, because the utterance is not used for the sake of inducing belief in any assertion it may contain. The assertion, if in form there is one, is to be disregarded, and the indirect inference alone regarded. This discrimination, though well accepted in the law, is easy to be ignored, and it needs perhaps to be emphasized." (See also § 1788, vol. VI, p. 234; *Loetch* v. *New York City Omnibus Corporation,* 291 N. Y. 308, 52 N. E. [2d] 448; *Adkins* v. *Brett,* 184 Cal. 252, 193 Pac. 251.)

The record before us clearly indicates that Malunao's responses to the questions of the deputy prosecutor constituted circumstantial evidence tending to establish whether Malunao understood the contents of the complaint and was cognizant that he was assuming the obligations and penalties of an oath. To such statements, the hearsay rule has no application and the defendant's absence at the time of such utterance is immaterial. (*Duren* v. *State,* 158 Ga. 735, 124 S. E. 343; *Bridges* v. *State,* 247 Wis. 350, 19 N. W. [2d] 529.)

Complainant's oral assent to its administration constitutes an issue relating to proof of the oath. "Where the *utterance of specific words* is itself *a part of the details of the issue under the substantive law and the pleadings,* their utterance may be proved without violation of the Hearsay rule, because they are not offered to evidence the

truth of the matter asserted therein." (Wigmore on *Evidence,* 3d ed., § 1770, vol. VI, p. 185.) The quantum of evidence necessary to establish the assumption of an oath is no different from the ordinary rules of sufficiency. (*Territory* v. *Lee Chee,* 31 Haw. 587.)

Would the oath administered to Malunao, if defective, deprive the circuit court of jurisdiction over the person of the defendant and the cause against her?

That a complaint subscribed under oath is a prerequisite to the issuance of a valid warrant of arrest was recently held by this court in *Territory* v. *Mix,* 41 Haw. 163. That case however does not serve as authority for the plaintiff in error's contention that jurisdiction is lacking where the complaint fails to support the warrant for want of proper or formal administration of an oath. In the *Mix* case, it was contended first, that the complaint had been executed without a proper oath; and second, that a complaint so executed, and failing to comply with the provisions of section 10770, Revised Laws of Hawaii 1945, *ipso facto* deprived the court of jurisdiction. In determining the circumstances under which the oath was administered this court in deciding that the statute had been substantially complied with, did not consider the jurisdictional question.

The invalid arrest of an accused has been held not to *ipso facto* divest a court of jurisdiction. In *Albrecht* v. *United States,* 273 U. S. 1, 47 Sup. Ct. 250, 71 L. ed. 505, where the defendant was arrested upon an invalid warrant, it was held that: "Where there was an appropriate accusation * * * a court may acquire jurisdiction over the person of the defendant by his voluntary appearance." In *Commonwealth* v. *Gorman,* 288 Mass. 294, 192 N. E. 618, it was held that: "* * * where a defendant is physically before the court upon a complaint or indictment, either because he is held in custody after arrest or because he has

appeared in person after giving bail, the invalidity of the original arrest is immaterial, even though seasonably raised." (*Commonwealth* v. *Gorman, supra* at 300, 192 N. E. at 621.) "We are unable to perceive why the alleged irregularity in the manner of bringing the appellant before the court entitled him to immunity from trial for the offense with which he was charged * * *. The court might have caused a warrant to be issued * * *, but that was unnecessary since he was already in court * * *." (*State* v. *Melvern*, 32 Wash. 7, 12, 72 Pac. 489, 491.)

Was the defendant below, in the circumstances disclosed by the record before us properly charged? Numerous jurisdictions by statute specifically prohibit prosecution in a district or magistrate's court except upon written complaint under oath. (*E.g., Wetzel* v. *State*, 27 Ala. App. 517, 176 So. 224; *Ralph* v. *Police Court*, 84 Cal. App. [2d] 257, 90 P. [2d] 632; *State* v. *Weston*, 225 Iowa 1377, 282 N. W. 774; *Bramlette* v. *State*, 193 Miss. 24, 8 So. [2d] 234; *Ex parte Drake*, 52 Okla. Cr. 47, 2 P. [2d] 978; *Spangler* v. *District of Salt Lake County*, 104 Utah 584, 140 P. [2d] 755.) Demonstrative of such statutes is that of Utah, which provides in part that: "Proceedings and actions before a justices' [sic] court for a public offense must be commenced by complaint under oath * * *." (105-57-2 U. C. A. [1943].)

We have no such statute in this jurisdiction. "At common law a written complaint was required before a defendant could be put on his trial for an offense, except in cases of contempt." (*State* v. *Goetz*, 65 Kan. 125, 130, 69 Pac. 187, 189.) On the other hand, it has been held that a petty offender tried before a justice of the peace was "* * * not entitled * * * to a written statement of the charge preferred against him. All that was required [under the common-law doctrine] after his appearance in person was secured was that he should be informed of the

charge and should be given an opportunity to defend * * *." (*Pearson* v. *Wimbish,* 124 Ga. 701, 710, 52 S. E. 751, 755.)

Review of the insufficiency of a complaint in a justice's court was refused in circumstances wherein: "A written complaint was taken though it was unnecessary. * * *. If it was insufficient, it is no worse than no written complaint, * * *. Ordinarily, where no formal written complaint is taken, the complaint amounts to little, if any, more than information to the justice that, in the opinion of the party complaining, an offense has been committed, taken in conjunction with his subsequent statements made upon oath in relation to the details thereof." (*People* v. *Bennett,* 107 Mich. 430, 432, 65 N. W. 280, 281.) Kentucky statutes specifically authorize both oral and written charges in a magistrate's court. (*George H. Goodman Co.* v. *Commonwealth,* 30 Ky. L. Rep. 519, 99 S. W. 252.)

In this jurisdiction, section 10770, Revised Laws of Hawaii 1945, provides only for the issuance of a complaint as the basis of a warrant of arrest. This court in the early case of *Territory* v. *Sing Kee,* 14 Haw. 586, 587, interpreting section 606 of the Penal Code of 1897, a provision which differs but little from the present section 10770 (*supra*), held that "The sole function of the complaint as provided for by Section 606 of the Penal Laws, is to support the issuance of a warrant or, in other words, to enable the magistrate to determine whether or not there is probable cause to believe that an offense has been committed by the accused so as to justify his apprehension. The *complaint* referred to in that section is not the *charge* upon which the defendant is tried, although it is a statement in substance, and may also be in exact language, of the offense to be set forth in the charge subsequently entered against the defendant in Court. The *charge* itself is, under the practice prevailing in the District Courts, entered orally by the prosecuting officer upon the defend-

ant's appearance and noted by the magistrate in his record, and it is upon the charge as thus entered that the trial is had."

More than thirty-three years later, this court, in *Territory* v. *Burum,* 34 Haw. 75, 77, not only quoted the foregoing language approvingly, but also noted: "We are informed that this same method of entering a criminal charge in the district court still prevails. The complaint and the warrant of arrest issued thereon are but the means by which the court acquires jurisdiction of the person of the defendant. A charge must be entered before the magistrate obtains jurisdiction of the cause against defendant."

By chapter 232, Session Laws 1949, criminal procedure in the district courts was amended by the addition of two sections, *viz:*

"Sec. 10770.01 Copy of Complaint. In executing the warrant of arrest as provided in the foregoing section, the arresting officer shall hand to the accused a copy of the complaint after showing him the original."

"Sec. 10773.01 [Arraignment.] Upon arraignment, the written complaint upon which the warrant of arrest or summons has been issued shall be construed * * * to be the charge, and the reading thereof shall be deemed waived. Unless a demurrer, motions or other pleadings are interposed, the accused may be required to plead his innocence or guilt immediately, if he appears to understand the charge against him."

These two sections qualified the established practice as theretofore approved in the *Sing Kee* and *Burum* cases (*supra*) by expressly providing that "the written complaint * * * shall be construed to be the charge * * *." Neither section, however, provides, nor do they, considered *in pari materia,* mandate an oath as a prerequisite to proceedings in the district court. The manifest intent of the legislature as expressed in the *House Journal* (1949) p.

1436 is to "* * * speed up and facilitate to a great extent the procedure in the district courts, and at the same time, afford the accused the necessary protection." (See also: Senate Journal, p. 320 [1949].)

Neither of the new sections, however, makes provision regarding a charge entered orally or a charge in the form of a written instrument which does not meet the requisites prescribed for such a complaint. Consequently, the rule pronounced in *Territory* v. *Sing Kee* (*supra*) remains unaltered in circumstances wherein a valid complaint is lacking. The principle established in the *Sing Kee* case (*supra*) that an accusation may be supplied orally, compels the conclusion that a written charge subscribed by a complainant and a prosecuting officer, validly served upon the accused and thereafter entered of record, constitutes a sufficient accusation as a matter of law to enable not only a district court, but a court of record in a trial *de novo* as well, to proceed with prosecution where an accused is physically before the court. (*Territory* v. *Sing Kee, supra.*)

Judgment affirmed.

*John E. Ahrens* (also on the briefs) for plaintiff in error.

*George F. St. Sure,* Public Prosecutor (also on the brief), for defendant in error.