CLARENCE NAM SING SHAK *v.* MASATO DOI, Judge
of the Circuit Court of the First Judicial Circuit, and
PROSECUTING ATTORNEY.

No. 4585.

NOVEMBER 4, 1966.

RICHARDSON, C.J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, J.J.

*Per Curiam.* Petitioner, having appealed to the circuit
court in Criminal No. 36238 for a trial *de novo* before a
jury, moved for dismissal of the charge on the ground of
lack of jurisdiction "because of the absence of a formal
accusation against the defendant in the form of a written
complaint." The motion to dismiss having been denied,
petitioner obtained a temporary writ of prohibition from
a justice of this court, asserting in his petition that "the
court lacked jurisdiction because a formal accusation
against the petitioner in the form of a written complaint
had never been filed in the case," and because "due process
of law in a criminal case, as guaranteed by the constitu-
tions of the State of Hawaii and the United States of
America, requires a formal accusation in the form of a
written complaint."

Petitioner was arraigned before the district magistrate
on an oral charge. Upon his conviction, he appealed to

the circuit court and the magistrate certified the charge on which he was convicted as follows:

"You are hereby charged that in the District of Honolulu, City and County of Honolulu, State of Hawaii, that on or about May 24, 1965, while operating a motor vehicle on a public highway to wit: Lunalilo and Lusitana Streets; you did disregard a traffic control device, to wit: a red light; in violation of Section 15 Paragraph 6.4 (3) of the Revised Ordinance 2553 of the City and County of Honolulu; * * *."

In the circuit court the charge was read to the defendant. Upon the request of the prosecutor and without objection, the word "Revised" appearing in the charge was stricken. The case was continued for plea. Thereafter petitioner made his motion to dismiss. Upon denial of the motion, the charge again was read to petitioner and he entered his plea of not guilty.

H.R.Cr.P., Rule 54(b) (4) (ii) provides in pertinent part:

"(ii) *Appeals and Jury Trial Demands.* The provisions of these rules respecting prosecutions on information shall be applicable to proceedings coming before circuit courts from district magistrates on demands for jury trials and on appeals for trial after conviction, except, that in such proceedings arraignment may be made by oral charge. * * *"

The exception was added in order to preserve the practice of proceeding in the circuit court on the same charge as was used in the district court.[1] That is, though a

---

[1] The rules continue the practice recognized by *Territory* v. *Sing Kee,* 14 Haw. 586, and *Territory* v. *Williams,* 41 Haw. 348. However, they modify the statute as to arraignment referred to in *Williams,* now R.L.H. 1955, § 257-6, by requiring that if arraignment be on a written complaint it shall be read unless the reading is waived.

defendant must be again arraigned in the circuit court, arraignment may be on substantially the same charge. In the district court, H.R.Cr.P., Rules 5(b) and (c), permit an oral charge.

It is argued that the first part of Rule 54(b) (4) (ii), above quoted, requires the filing of an information when the case goes from the district court to the circuit court. Such reading renders the exception meaningless. The first part of the paragraph simply provides that proceedings coming from district magistrates shall be handled the same as prosecutions on information. For example, H.R.Cr.P., Rules 29 and 47, apply.

H.R.Cr.P., Rule 10, provides that the defendant "shall be given a copy of the indictment or information before he is called upon to plead," but this provision is inapplicable by virtue of the aforesaid exception. The inapplicability of this provision simply places the case in the same posture as cases before the rules were adopted. The point is not governed by statute in misdemeanor cases. As stated in *Cuckovich* v. *United States,* 170 F.2d 89, 90 (6th Cir.), when there is no requirement that the defendant be furnished a copy it is simply a question of whether there was full understanding of the nature of the charge. *Garland* v. *Washington,* 232 U.S. 642, 645, cited in *Cuckovich,* supports this conclusion. In *Ray* v. *United States,* 192 F.2d 658, 659 (5th Cir.) it was held that even when the rules require furnishing a copy of the charge, the omission to furnish a copy is not jurisdictional. See 21 Am. Jur. 2d, *Criminal Law,* § 327.

There is nothing to show that petitioner requested a copy of the charge. However, the court, in the exercise of its supervisory power, here states that if a defendant requests a copy of the charge he should be furnished it, whether the charge be in the form of a written complaint or an oral charge. This will better assure fulfillment of

the requirement that the court be satisfied defendant understands the charge against him.

Upon the argument in this court defendant was asked whether he had ever been in doubt as to what the charge was against him, and replied that "petitioner may not have been in doubt, but I'm sure Your Honor is aware that whether petitioner is in doubt or not is irrelevant because whatever is found in this court will apply to other people, other accused persons as well." This colloquy discloses that petitioner is pursuing a matter of abstract right. There is no contention that the nature of the charge has not been made clear in this case.

In support of his claim that a written complaint is a matter of constitutional right, petitioner cites *State* v. *Goetz,* 65 Kan. 125, 69 Pac. 187 and *Morrow* v. *State,* 140 Neb. 592, 300 N.W. 843. These cases merely construe the governing statutes of the respective states. In *Goetz* there is general language to the effect that an oral complaint is insufficient, but in *Territory* v. *Williams, supra,* 41 Haw. 348, 354, this court declined to follow *Goetz,* and we are not now called upon to review the matter. The charge was set out in the magistrate's certificate and therefore the charge was in writing when the circuit court assumed jurisdiction. That petitioner is protected from the possibility of double jeopardy is a matter beyond doubt. *Cf., Territory* v. *Burum,* 34 Haw. 75.

As to petitioner's contention that the procedure followed "leaves the unjustly accused person without legal remedy to recover damages due to malicious prosecution," and that "the filing of a written accusation supported by oath is the means of clearly setting forth the party responsible for each and every prosecution," we deem it sufficient to point out that even when a prosecution is on information or indictment there is no guarantee that a verified

written complaint will have been filed,[2] and that the question of who instituted the charge presents an issue of fact.[3]

On the record before us the issuance of a permanent writ is not justified, and the temporary writ is dissolved. Judgment dismissing the petition will be entered on presentation.

*Clarence Shak,* petitioner, pro se.

*Roy M. Miyamoto,* Deputy Attorney General *(Bert T. Kobayashi,* Attorney General, with him on the brief), for respondent judge.

*Henry N. Kitamura,* Deputy Corporation Counsel *(Stanley Ling,* Corporation Counsel, with him on the brief), for Prosecuting Attorney.

---

[2] *In the Matter of Steven,* 23 Haw. 250.

[3] *Alexander* v. *Cressaty,* 32 Haw. 281.