FRED STEWART *et al.* v. STATE.

No. A-235. Opinion Filed December 1, 1909.

(105 Pac. 374.)

1.    APPEAL—Notice of Appeal from County Court—Service upon Judge. Under the provisions of section 6949, Snyder's Comp. St. 1909, the notice that defendant appeals from the judgment is properly served upon the county judge as ex officio clerk of the county court. There is no clerk of the county court in the sense that there is a clerk of the district court.

2.    CLERKS OF COURTS—County Court—Appointment—Permissive Statute. Section 1995, Snyder's Comp. St. 1909, authorizing the appointment of clerks for county courts, is permissive merely, and there may or there may not be a clerk of a county court, at the option of the county judge with the approval of the board of county commissioners. When a clerk is so appointed, the county judge is not disqualified or excused from performing any act that by law he might perform if no clerk had been appointed.

3.    APPEAL—Certificate of Settlement of Case-Made—Sufficiency—Duties of County Judge. Section 6951, Snyder's Comp. St. 1909, provides: "The case and amendments shall be submitted to the judge, who shall settle and sign the same and cause it to be attested by the clerk or county judge, and the seal of the court to be thereto attached." Held that a certificate of the settlement of a case-made from a county court is sufficient, when signed and sealed by the judge thereof, without being attested by a clerk of the county court.

4.    APPEAL—Authentication of Record—Seal—County Court. Section 24, Schedule of the Constitution, provides: "Until otherwise provided by law the seal of the probate courts in the

counties of the territory of .Oklahoma shall be the seal of the county courts." **Held,** that this clause of the Constitution, in the absence of other legislation, makes the seal of the probate court the official seal of the county court of said county.

(Syllabus by the Court.)

*Appeal from Cleveland County Court; N. E. Sharp, Judge.*

Fred Stewart and others were convicted of disturbing the peace, and they appeal, and the State moves to dismiss the appeal. Motion denied.

*Williams & Williams* and *S. A. Norton,* for appellants.

*Charles West,* Atty. Gen., and *Charles L. Moore,* Asst. Atty. Gen., for the State.

DOYLE, JUDGE. The plaintiffs in error were tried and convicted in the county court of Cleveland county for disturbing the public peace, from which conviction an appeal was taken by filing in this court a petition in error with case-made attached. There was also filed in this court proof of service of notice upon Geo. G. Graham, county attorney of Cleveland county, and N. E. Sharp, county judge of said county, that said defendants appeal from the judgment to the Criminal Court of Appeals of Oklahoma.

The Attorney General's office, on November 16, 1909, filed a motion to dismiss said appeal for two reasons:

"First. Because no notices of appeal were served, as required under the statute."

This contention is based upon section 6949, Snyder's Comp. St. 1909, which provides that:

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney "— in that the notice of appeal should have been served upon the clerk of the county court, and not upon the judge thereof. No contention is made that the notice of appeal does not comply with the statute in·all other respects. There is no merit in this objection. There is no clerk of the county court in the sense that there

is a clerk of the district court. The laws of this state do not require that there shall be a clerk of the county court. Section 1995, Snyder's Comp. St. 1909, provides:

"The county judge may appoint a clerk of the county court in each county of this state having a population of more than ten thousand inhabitants subject to the approval of the board of county commissioners if, in their judgment, said board finds that the public interest requires the appointment of such clerk. Said clerk shall have authority to issue all process and notices from the county court, to issue marriage licenses, and to perform such other duties, ministerial in character, as are performed by the clerk of the district court."

This statute is merely permissive, and authorizes the appointment of a clerk of the county court where the public interest requires it. In appeals from county courts it is sufficient where the notice of appeal has been served upon the county judge, as he is *ex officio* clerk of his own court.

"Second. Because the judge's signature on the certificates to the case-made is not attested by the clerk, as required by law."

The record shows that the certificate of the settlement of the case-made is attested as follows: "Witness my hand this 19th day of September, 1908. N. E. Sharp, County Judge, Cleveland County." Seal attached bearing the impress: "Seal Probate Court, Cleveland Co., Okla." "Filed in county court of Cleveland county, Oklahoma, Sept. 19, 1908. N. E. Sharp, County Judge." Section 6951, Snyder's Comp. St. 1909, provides:

"The case and amendments shall be submitted to the judge, who shall settle and sign the same and cause it to be attested by the clerk or county judge, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case. Such original case-made shall be filed with the petition in error."

As regards the alleged irregularities of the seal, section 24 of the Schedule of the Constitution provides:

"Until otherwise provided by law the seal of the probate courts, in the counties of the territory of Oklahoma, shall be the seals of the county courts."

This clause of the Constitution doubtless contemplates a change by legislative enactment, but an examination of the acts

relating to county courts discloses the fact that there has been no legislation on this subject. As we view the record, it shows a full compliance with the requirements of the statute.

An appeal to the Criminal Court of Appeals may be taken by a defendant, as a matter of constitutional right, from any judgment against him; and, in a proceeding in error, where the appellant is without fault, this right cannot be denied by any act of omission, or through the neglect or fault of the trial court, or any official thereof. *Bailey v. United States, ante,* p. 175, 104 Pac. 917. In the case at bar, however, we find there has been no neglect or omission on the part of the trial court, and that the appeal has been properly perfected.

For the reasons stated, the motion to dismiss is hereby overruled.

FURMAN, PRESIDING JUDGE, and OWEN, JUDGE, concur.