STATE v. HOMER JONES.

No. A-22.   Opinion Filed January 21, 1910.

(106 Pac. 351.)

1.   APPEAL AND ERROR—Transcript of Record. A certificate
     in proper form, signed by the county judge and attested with
     the seal of the court, is sufficient authentication of the tran-
     script of the record made in his court.

2.   WEAPONS—Carrying of Concealed Weapon—Information. An
     information which charges "that one Homer Jones, late of the
     county of Caddo and state of Oklahoma, on the 11th day of
     February, in the year of our Lord one thousand nine hundred
     and eight, at and within the said county and state, did then and
     there intentionally and unlawfully and willfully carry concealed

on and about his person a pistol, a weapon contrary .to the form of the statute in such case made and provided, and against the peace and dignity of the state of Oklahoma," sufficiently charges an offense under section 2744, 'Snyder's Comp. Laws, Okla. 1909 (section 2502, Wilson's Rev. & Ann. St. 1903.)

(Syllabus by the Court.)

*Error from Caddo County Court; B. F. Holding, Judge.*

The defendant in error, Homer Jones, was tried in the county court of Caddo county on the charge of carrying concealed weapons on his person. The county court sustained an objection to the introduction of testimony, for the reason that the information failed to state facts sufficient to constitute a criminal offense against the laws of the state of Oklahoma. From this judgment the state appeals. Reversed.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

*Morris & Starkweather,* for defendant in error.

OWEN, JUDGE. Counsel for the defendant in error in the brief filed in this case urge one reason only for affirming the judgment of the lower court. The reason urged is that there is no transcript of record before this court, for the reason that the purported transcript is signed by the county judge, and not by the clerk of his court. The certificate of the county judge is as follows:

"I, B. F. Holding, judge of the county court of Caddo county, state of Oklahoma, do hereby certify that the foregoing is a full, true, and correct transcript of the record in the above-entitled cause, and I hereby certify that the foregoing was presented to me as the case-made in the above-entitled action; that the foregoing case-made was duly served upon the defendant within the time allowed by the court, and, no amendments being suggested by the defendant thereto, I now settle and sign the same as a true and correct case-made, and direct that it be attested and filed by the clerk of said court, and I further certify that the above and foregoing case-made contains all of the motions, orders, judgments, objections, and exceptions, and all other proceedings had therein.

"Witness my hand at Anadarko, in said Caddo County, Oklahoma, this 17th day of June, 1908.

"[Signed]    B. F. Holding, County Judge.

"Attest:   T. G. Oelke, Clerk of County Court."

It will be noticed that the judge certifies that "the foregoing is a full, true, and correct transcript of the record in the above-entitled cause," etc.  This constitutes a proper transcript.  In the county court it is not necessary that the clerk certify to the transcript.  As was said by this court in the case of *Stewart et al. v. State* (reported in this volume), 105 Pac. 374, the county judge is *ex officio* clerk of his own court.  In that case the case-made and amendments were signed and settled by the judge without being attested by the clerk of that court.  Judge Doyle, in delivering the opinion of the court, said:

"There is no clerk of the county court in the sense that there is a clerk of the district court.  The laws of this state do not require that there shall be a clerk of the county court."

In that case the sections of the statute and the Constitution applicable to such matters were fully reviewed, and we deem it unnecessary to again review them here.

It appears from the transcript that after the first witness was sworn the defendant in error objected to the introduction of testimony, giving as a reason for his objection that the information did not charge the defendant with the commission of a crime.  The charging part of the information is as follows:

"* * * That one Homer Jones, late of the county of Caddo and state of Oklahoma, on the 11th day of February, in the year of our Lord one thousand nine hundred and eight, at and within the said county and state, did then and there intentionally and unlawfully and willfully carry concealed on and about his person a pistol, a weapon contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Oklahoma."

The section of the statute under which this information was filed is as follows:

"It shall be unlawful for any person in the state of Oklahoma to carry concealed on or about his person, saddle, or saddle bags, any pistol, revolver, bowie knife, dirk, dagger, slung shot, sword,

cane, spear, metal knuckles, or any other kind of knife or instrument manufactured or sold for the purpose of defense except as in this article provided." (Section 2744, Snyder's Comp. Laws Okla. 1909; section 2502, Wilson's Rev. & Ann. St. 1903.)

In the case of *Ex parte Thomas,* 1 Okla. Cr. 210, 97 Pac. 260, 20 L. R. A. (N. S.) 1007, our state Supreme Court, in an opinion by the present Chief Justice, Dunn, reviewed at great length the concealed weapon statutes, and under the conclusions reached in that case, which meet our entire approval, the information in this case charges the defendant with a violation of the section of the statute referred to, and the objection to the introduction of evidence made by defendant in error should have been overruled.

The judgment of the lower court is reversed, and the case remanded.

FURMAN, Presiding Judge, and DOYLE, Judge, concur.