## J. J. SHEPHERD v. STATE.

No. A-3384. Opinion Filed Aug. 28, 1920.
(192 Pac. 235.)

Towne, Swarts & Towne, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. It is first contended that the court erred in overruling the demurrer to the information. It is contended in this court that the information does not state facts sufficient to charge the defendant with the crime of carrying concealed weapons. The charging part of the information is as follows:

"The said J. J. Shepherd, then and there being, did then and there willfully and unlawfully carry on and about his person a certain concealed weapon, to wit, a certain 44-calibre, new service, Colt revolver, contrary," etc.

In the case of State v. Jones, 3 Okla. Cr. 412, 106 Pac. 351, an information charging the crime of carrying concealed weapons, the charging part of which is identical

with the information in this case, was held to be sufficient. Under the holding in that case, this information is good.

The exceptions, permitting public officials while in the discharge of their duties, and while going from their homes to their place of duty and returning therefrom, and also permitting persons to carry shotguns and rifles for the purpose of hunting or having them repaired, or for the purpose of using same in public muster or military drills, or while traveling or removing from place to place, contained in separate sections of the statutes from that defining the offense of carrying concealed weapons, are not descriptive of the offense, but constitute merely defensive matter, not necessary to be alleged in an indictment or information charging the crime.

The rule that matters purely of defense need not be negatived in the allegations of an indictment or information charging the crime is discussed in the case of Penn v. State, 13 Okla. Cr. 367, 164 Pac. 992, L. R. A. 1917E, 668, and cases therein cited.

We hold therefore that the allegations of the information in this case are sufficient to charge the defendant with the crime of carrying concealed weapons.

Counsel for the defendant offered to prove, as a defense to this prosecution, that the revolver which the defendant was carrying was a 44-calibre gun, commonly known as an "army gun," and that the defendant was carrying the same for the purpose of resisting a threatened attack to take his life. The trial court sustained an objection to this offered evidence on the ground that it constituted no defense to the crime, where the defendant admitted that he carried the weapon concealed upon his person.

We are of the opinion that the ruling of the trial court is sustained by the opinion of the Supreme Court of this state in Ex parte Thomas, 1 Okla. Cr. 210, 97 Pac. 260, 20 L. R. A. (N. S.) 1007, which was followed by this court in the case of State v. Jones, supra. We deem it unnecessary to enlarge upon what was said concerning the meaning and scope of the statutes against carrying weapons by the Supreme Court of this state in Ex parte

Thomas, supra, wherein the said statutes were construed in relation to section 26, article 2, of the Constitution, and were held to be constitutional as not in conflict with said constitutional provision.

The regular panel of jurors being insufficient from which to select a jury to try this case, the court issued an open venire, directed to the sheriff, for 10 qualified men to be selected from the body of the county. The defendant at the time filed an affidavit, alleging that the sheriff, Ed Freeman, and his deputies, were prejudiced against the defendant, and that such prejudice would prevent them from selecting fair and impartial jurors, and asked that a disinterested person be selected to serve said open venire. The request of the defendant that some other person than the sheriff be selected to serve said venire was overruled by the court, to which action the defendant excepted. The defendant also interposed a challenge to the entire panel of jurors selected by the sheriff on the open venire for the same reasons, which said challenge was heard by the court and overruled.

It appears from the record that the name of Ed Freeman, the sheriff to whom the court directed the clerk to issue the special venire of jurors for service was indorsed on the information as a witness to be used by the state in chief against the defendant. The special venire was served by one George Gibson, a deputy sheriff, who was not a witness in the case, and the record also discloses that, although the name of the sheriff was indorsed as a witness he was not used by the state in proving the crime.

In Koontz v. State, 10 Okla. Cr. 553, 139 Pac. 842, Ann. Cas. 1916A, 689, it was held:

"It is essential to the fair and impartial administration of justice that an open or special venire should be summoned by an officer, who is not disqualified by reason of interest, bias, or prejudice."

In the Koontz Case, the name of the sheriff who served the open venire was indorsed on the information, and he testified on the trial as a witness for the state. The challenge interposed to the panel was disallowed, and this court held the action of the trial court in that case in over-

ruling the motion to disqualify the sheriff to have been error, and in the body of the opinion said:

"Section 5848 (Rev. Laws 1910) Procedure Criminal provides: 'When the panel is formed from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror. Such challenge must be made in the same form, and determined in the same manner as if made to a juror.'

"The language of the statute is so plain that no room is left for interpretation. It authorizes a challenge to the panel, on account of the bias of the officer who summoned a jury on an open or special venire, upon what would be good ground of challenge to a juror for bias. If, then a challenge for cause would have been sustained against a person called as a juror because he was a material witness for the state, a challenge would also lie upon the same ground to a panel summoned by him. If he would not be qualified as a juror because of actual or implied bias, as defined by sections 5858 and 5859 (Rev. Laws 1910), he would also be disqualified for the same reason to summon a jury, in whole or in part, whose names are not drawn as jurors from the jury box.

"The precise question has been considered by the Supreme Court of Idaho, upon a similar statute, in the case of State v. Jordan, 19 Idaho, 192, 112 Pac. 1049. Chief Justice Stewart, delivering the opinion of the court, used the following language: 'There is a very strong reason for the rule announced by the statute. The officer having the order for the special venire in serving the same would have the power to exercise his judgment partially, and to summon jurors whom he might think would favor the prosecution, and thus return a jury wholly favorable to the prosecution, and it is because such power might be executed partially that the statute makes the fact that the officer is a witness for the prosecution a cause for challenge to the panel thus selected by him on the ground of implied bias. For this reason we think that the court erred in denying the challenge to the jury panel'."

In the instant case, while the sheriff did not serve

the open venire, one of the deputy sheriffs did serve the same, and the principal witnesses for the prosecution and the ones who made the arrest were two of the other deputy sheriffs, all appointees and servants of the sheriff to whom the open venire was issued. Under the holding in the Koontz Case, the sheriff was disqualified to act. The act of the deputy was nothing more than the act of the sheriff himself, and, the sheriff being disqualified, the court should not have permitted the deputy sheriff to serve the open venire. The action of the trial court in so doing was erroneous, and if any substantial defense was offered by the defendant in bar of this prosecution, this court would have no hesitancy in reversing the judgment of conviction on this ground.

But it is apparent from an examination of this entire record that the defendant has no substantial defense on the merits, and the Legislature has specifically provided in section 6005, Revised Laws 1910, that no judgment of conviction shall be reversed because of error in pleading or procedure, unless the same probably resulted in a miscarriage of justice, or deprived the defendant of some constitutional or statutory right to his prejudice.

The Legislature has also seen fit (section 6003, Rev. Laws 1910) to lodge in this court the power to modify a judgment of conviction. We think in this instance the judgment should not be reversed because of the erroneous ruling of the trial court in issuing the open venire to the sheriff, but that the same should be modified by reducing the punishment assessed against the defendant to a fine of $25, the minimum punishment provided by law for this offense.

For reasons stated, the judgment of conviction is modified to provide a fine of $25 and costs of the action, instead of a fine of $50 and 20 days' imprisonment in the county jail and costs of the action, as originally imposed; that the judgment as so modified is affirmed.