CLINT WELCH v. STATE.

No. A-5694.　Opinion Filed March 18, 1927.
(254 Pac. 503.)

Thos. J. Huff, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J. Appellant was convicted on a charge that he did sell two pints of corn whisky to one C. O. Ruth, and, in pursuance of the verdict of the jury, was sentenced to imprisonment in jail for 90 days, and to pay a fine of $375. To reverse the judgment he appeals.

On April 21, 1925, the case was called for trial. A motion for continuance was filed.

In his affidavit for continuance the defendant states that Harry Hays and the clerk of the Tulsa Rooming House at Healdton, if present, would testify that affiant was in the town of Healdton on the 4th day and night of April, 1925; that he caused a subpoena to issue for Harry Hays, which was duly served, as shown by the return thereon; that he is at this time sick in bed at his home near Temple, and that affiant will furnish this court a doctor's certificate of his said illness, if given an opportunity; that said evidence cannot be furnished by other witnesses; that his application is not made for delay, but that substantial justice be done; that affiant hired Hon. Hays Dillard to represent him in this case, and expected him to take care of the subpoenas for witnesses, but his attorney's wife is ill, and for that reason he is not present to-day.

No counter affidavit was filed, and no denial was made of the truth of the facts as set forth in the affidavit. The motion was promptly overruled. The granting or refusing of applications for continuance rests largely in the discretion of the trial court, and the doctrine established in this state is that only for an abuse of such discretion will a reversal be had. However, on the undisputed facts we are inclined to think that

the court abused its discretion in refusing the continuance asked for.

A brief statement of the facts is necessary to a proper understanding of the next assignment.

C. O. Ruth testified:

"I went to the defendant's home at 8 o'clock at night on the 4th of April, called him out, and bought a quart of whisky from him. It was in two pint bottles. I paid him $5 for it."

On cross-examination he stated that he had been helping the officers in this work for some time; that with Mr. Cook the plan was arranged to get the defendant.

Jack Stapp testified that he went with Ruth to get the whisky, and they got a quart from this defendant.

On cross-examination he stated:

"When we got there Clint Welch came out of the house. We told him we wanted some whisky. He first said that he did not have any, but we insisted, and he said he had a quart, and would split with us. We bought it, and came back to the road. Mr. Cook was there, and took the whisky from us."

S. E. Cook, undersheriff, testified that he arrested C.O. Ruth and Jack Stapp on the road, and took two pints of whisky from Mr. Ruth.

On cross-examination he stated that he arrested the defendant at his home a mile east of Temple, and searched the place at that time, but did not find anything; that he arranged that evening for the boys to go that night and buy this whisky.

The defendant testified in his own behalf that he left his home Saturday afternoon at 3 o'clock April 4,

1926, in a car, and drove to Helton; that Harry Hays was with him; that he did not return to his home until Saturday evening; that he did not sell any whisky to C. O. Ruth or Jack Stapp.

The next error assigned is the action of the court in overruling the defendant's challenge to the special venire of jurors summoned and returned for jury service by S. E. Cook, undersheriff, who was then and there a material witness for the state, and whose name as such witness was indorsed on the information. The objection was overruled and exception allowed.

It appears from the record that the regular panel drawn from the jury box was exhausted before the regular number of jurors had qualified on their voir dire, whereupon the court issued an order directed to S. E. Cook, under sheriff, to summon additional jurors, from which four jurors were selected.

A person accused of crime has, by the Constitution and laws of Oklahoma, a right to a trial by an impartial jury.

Our Criminal Code provides:

"When the panel is formed from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground to challenge to a juror. Such challenge must be made in the same form, and determined in the same manner as if made to a juror." Sec. 2665, C. S. 1921.

In Lyde v. State, 21 Okla. Cr. 426, 209 P. 226, it is said:

"This statute is well calculated to guard against hand-picked juries by officers who might be inclined to select individuals whose inclinations and prejudices would cause them to favor a conviction. This court has recently held, in the case of Liddell v. State (18

Okla. Cr. 87), 193 P. 52, 16 A. L. R. 405, in a well written opinion by Judge Matson, that it is essential to the fair and impartial administration of justice that an open or special venire of jurors should be summoned by an officer who is not disqualified by reason of interest, bias, or prejudice, and that where the sheriff who serves the open or special venire of jurors is a material witness for the state, and a challenge to the panel of such open venire is interposed, it is prejudicial and reversible error for the trial court to overrule such challenge, citing Koontz v. State, 10 Okla. Cr. 553, 139 P. 842, Ann. Cas. 1916A, 689. This principle has also been stated and upheld in Shepherd v. State, 35 Okla. Cr. 405, 192 P. 235; Hisaw v. State, 13 Okla. Cr. 484, 165 P. 636; Harjo v. United States, 1 Okla. Cr. 590, 98 P. 1021, 20 L. R. A. (N. S.) 1013."

See, also, Roof v. State, 34 Okla. Cr. 145, 245 P. 666.

On the authority of this decision and cases cited, unquestionably it was prejudicial error to overrule the defendant's challenge to the special venire of jurors served by the undersheriff, and for this reason the judgment must be, and is, reversed, and a new trial awarded.

EDWARDS and DAVENPORT, JJ., concur.