## O. L. HAMMOCK v. STATE.

No. A-8128.   Dec. 17, 1931.
(6 Pac. [2d] 16.)

W. M. Williams and J. E. Sasseen, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of intoxicating liquor, and was sentenced to pay a fine of $100 and to be confined in the county jail for 60 days.   To reverse the judgment the defendant appeals.

A number of errors are assigned and argued by the defendant, but the only ones it is deemed necessary to notice are the following:

"The court erred in permitting a deputy sheriff, who was called and testified as a witness in chief for the state, to summon extra talesmen to complete the jury after the regular panel had been exhausted.

"The court erred in permitting the juror, Sam D. Rude, to sit on the jury over the objections of the defendant, after he had been challenged for bias and prejudice."

The juror Sam D. Rude, on his voir dire examination, stated he had been summoned by E. N. Claubaugh, deputy sheriff, in the courtroom, after the special venire was ordered by the court,   When this juror was examined on his voir dire, counsel for the defendant filed the following motion:

"Comes now the defendant and renews his challenge to the juror for the reason that he has exhausted all his peremptory challenges before the juror, Sam D. Rude, was called in the box; for the further reason that as the defendant has exhausted all his challenges and the jury

panel has been exhausted, the court ordered the deputy sheriff, E. N. Claubaugh, whose name appears on the information in the case, to summons four talesmen so summoned by the deputy sheriff.

"By the Court: Overruled. There is more technicalities, subterfuges and evasions under the constitutional prohibitory laws than under all other laws known to the statute, to which the defendant invariably seeks to take advantage of. The Constitution prohibition, that is the Constitution of this state, has but one meaning and that is prohibit.

"By Mr. Sasseen: To which remarks of the court the defendant excepts, and also to the ruling of the court."

The record shows that E. N. Claubaugh was one of the main witnesses in the case against the defendant, and that the defendant had exhausted all his peremptory challenges before the open venire was ordered by the court, and that Sam D. Rude was summoned by Mr. Claubaugh from the bystanders in the courtroom.

Section 2665, C. O. S. 1921, is as follows:

"When the panel is formed from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror. Such challenge must be made in the same form, and determined in the same manner as if made to a juror."

In this case the challenge was made to the individual juror summoned by the sheriff, on the open venire ordered by the court; the sheriff being one of the main witnesses in the case. There is a very strong reason for the rule announced by the statute. The officer having an open or special venire, in serving the same, would have power to exercise his judgment partially, and to summons jurors whom he might think would favor the prosecution, and thus return a jury wholly favorable to the prosecu-

tion, and it is because such power might be exercised partially that the statute makes the fact that an officer is a witness for the prosecution a cause for challenge on the panel thus selected by him, on the ground of implied bias. For this reason we think the court erred in denying the challenge of the defendant to the juror Sam D. Rude.

This question has been before this court many times. In Lyde v. State, 21 Okla. Cr. 426, 209 Pac. 226, 227, in the body of the opinion this court said:

"This statute is well calculated to guard against handpicked juries by officers who might be inclined to select individuals whose inclinations and prejudices would cause them to favor a conviction."

In Liddell v. State, 18 Okla. Cr. 87, 193 Pac. 52, 16 A. L. R. 405, the court said:

"It is essential to the fair and impartial administration of justice that an open or special venire of jurors should be summoned by an officer who is not disqualified by reason of interest, bias, or prejudice.

"Sections 5848, Revised Laws 1910 [now section 2665, C. O. S. 1921], authorizes a challenge to the panel of an open or special venire of jurors on account of the bias of the officer who summoned such jury, upon any ground which would be good ground of challenge to a juror. Held, that where the sheriff who serves an open or special venire of jurors is a material witness for the state, and a challenge to the panel of such open or special venire is interposed by defendant on such ground, it is reversible and prejudicial error for the trial court to overrule such challenge in a cause where a substantial defense is made to the charge."

See Koontz v. State, 10 Okla. Cr. 553, 139 Pac. 842, Ann. Cas. 1916A, 689; Shepherd v. State, 17 Okla. Cr.

630, 192 Pac. 238; Welch v. State, 36 Okla. Cr. 298, 254 Pac. 503, and authorities therein cited.

The question of the selection of an improper juror to try the case being thus presented at the threshold of this inquiry, it becomes unnecessary to notice the several other assignments of error urged in the brief.

The judgment of the trial court is reversed, and the cause remanded.

EDWARDS and CHAPPELL, JJ., concur.