## JOHN KIZER v. STATE.

No. A-9288.  April 21, 1938.
(78 P. 2d 831.)

▇▇▇▇

O. A. Brewer, of Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Ralph K. Jenner, Co. Atty., of Hugo, for the State.

BAREFOOT, J. The defendant, John Kizer, and his brother, Joe Kizer, were charged with the crime of murder. They were charged with killing Jordan Swink, on or about the 29th day of April, 1936. A severance was granted, and

the defendant was placed upon trial, was convicted of manslaughter in the first degree and sentenced to serve a term of 25 years in the penitentiary, and has appealed.

The second assignment of error in this case is that defendant was deprived of a substantial right by being tried by a jury whose names were not drawn from the jury box, and who were summoned as talesmen by the sheriff of Choctaw county, whose name was indorsed on the information, and who was a material witness against him.

It is disclosed by the record that when the regular panel of jurors were impaneled for the October, 1936, term of court of Choctaw county, that by reason of a number of jurors being excused, the court considered it necessary to have 20 additional jurors. Forty-eight jurors were summoned and seven were excused. Instead of having the names drawn from the jury box, the court issued an order directing the sheriff of Choctaw county to summon 20 talesmen. When they reported they were sworn in as a part of the regular panel for the regular term. This was done over the objection and exception of defendant, and when his case was called for trial, he made a motion requesting the court to discharge the panel, and objected to being tried by the talesmen who were summoned by the sheriff. After exhausting the nine challenges allowed him by the law, eleven of the talesmen were called to the jury box, and of the jurors before whom he was tried, eleven of them were talesmen who had been summoned by the sheriff, whose name was indorsed on the information as a witness for the state, and who testified for the state in the trial of the case on rebuttal, but to facts which were very material in the trial of the case.

The question here raised is an important one, as it affects the procedure to be followed in the selection of jurors in this state. There is no more important feature in the trial of a case, both from the standpoint of the state and the defendant, than the selection of a fair and impartial jury. Our Legislature has written into the laws of this

state just how jurors may be selected, and has placed around it every precaution to the end that a fair and impartial jury may be had to protect both the rights of the state and the defendant. A jury commission is appointed by the district judge, and after taking an oath to faithfully perform their duty, they select the names of citizens from the body of the county, all of whom are taxpayers of the county. 38 Okla. St. Ann. § 1 et seq. These names are placed in a box which is securely locked and from which, at the proper time, certain county officials draw the names for the purpose of securing the jury for a term of court. The law also provides that under certain circumstances, the district judge shall have the discretionary power to issue an order directing the sheriff "or some other suitable person" to summon talesmen or a special venire when certain conditions demand it. It should, however, be kept in mind that the real purpose of the law, and especially in the trial of criminal cases, is that all trials shall be by jurors whose names have been selected by the jury commission, and drawn in the regular manner from the jury box, and that the other mode of selection is an exception to the general rule, and only to be used when the facts warrant it, in the discretion of the district judge. This discretion should not be abused, for it will readily be seen that it may be used to the advantage or disadvantage either of the state or the defendant. Okla. Stat. 1931, § 2987, Okla. St. Ann. tit. 22, § 639, p. 356, provides:

"When the panel is formed from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror. Such challenge must be made in the same form, and determined in the same manner as if made to a juror."

The question here raised is not new in this state, and as we review the authorities it has been definitely settled by many decisions of this court. The question first came before the court in the case of Koontz v. State, 10 Okla.

Cr. 553, 139 P. 842, 844, Ann. Cas. 1916A, 689. In this case the regular panel drawn from the jury box was exhausted before the regular number of jurors had qualified on their voir dire, and the court issued an order, commanding the sheriff to summon 12 talesmen. The defendant objected to the sheriff, whose name was indorsed upon the information as a witness for the state, being permitted to summon the talesmen for the reason of his bias and prejudice against the defendant, which said motion was by the court overruled, and the defendant then demanded the right to examine the sheriff in support of the said motion which was by the court overruled. Before the jurors were sworn a challenge to the panel was made by the defendant. The challenge was disallowed. These various motions of the defendant were not controverted by the state. The court, in deciding this case, says:

"We think the court erred in overruling the motion to disqualify the sheriff, and in refusing to permit the sheriff to be sworn and examined in support of the motion and challenge to the panel, and in disallowing the challenge to the panel the court erred. Section 5848 (Rev. Laws 1910 [22 Okla. St. Ann. § 639]) Procedure Criminal, provides:

" 'When the panel is formed from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror. Such challenge must be made in the same form, and determined in the same manner as if made to a juror.'

"The language of the statute is so plain that no room is left for interpretation. It authorizes a challenge to the panel on account of the bias of the officer who summons a jury on an open or special venire, upon what would be good ground of challenge to a juror for bias. If, then, a challenge for cause would have been sustained against a person called as a juror because he was a material witness for the state, a challenge would also lie upon the same ground to a panel summoned by him.

"If he would not be qualified as a juror because of actual or implied bias, as defined by sections 5858 and 5859

(Rev. Laws 1910 [22 Okla. St. Ann. §§ 659, 660]), he would also be disqualified for the same reason to summon a jury, in whole or in part, whose names are not drawn as jurors from the jury box.

"The precise question has been considered by the Supreme Court of Idaho, upon a similar statute, in the case of State v. Jordan, 19 Idaho 192, 112 P. 1049. Chief Justice Stewart, delivering the opinion of the court, used the following language:

" 'There is a very strong reason for the rule announced by the statute. The officer having the order for the special venire in serving the same would have power to exercise his judgment partially, and to summon jurors whom he might think would favor the prosecution, and thus return a jury wholly favorable to the prosecution, and it is because such power might be executed partially that the statute makes the fact that the officer is a witness for the prosecution a cause for challenge to the panel thus selected by him on the ground of implied bias. For this reason we think the court erred in denying the challenge to the jury panel.'

"And see, State v. Kent, 4 N. D. [577], 601, 62 N. W. 631, 27 L. R. A. 686.

"It is essential to the fair and impartial administration of justice, that an open or special venire shall be summoned by an officer who is not disqualified by reason of interest, bias, or prejudice. Harjo v. U. S., 1 Okla. Cr. 590, 98 P. 1021, 20 L. R. A., N. S., 1013."

This case has been followed in a later decision by this court, being Liddell v. State, 18 Okla. Cr. 87, 193 P. 52, 54, 16 A. L. R. 405. In this case the court exhausted the regular panel of jurors before the special venire of 40 men, summoned by the sheriff, had been sworn. (But in the case at bar the regular panel of jurors were not exhausted before the talesmen were called to the box, but their names were drawn along with the names of the regular panel.) The defendant interposed a motion to quash the special venire on two grounds: (1) Because said special venire was summoned by F. N. Smith, sheriff of Love county; the said F. N. Smith being a material witness for the state in said

cause, and biased and prejudiced against defendant. (2) Because the said venire was not drawn from the body of the county. Counsel for the state, in its answer to said motion, admitted that F. N. Smith was sheriff of the county and was a witness for the state and did serve said process as alleged in said motion. Nine members of the special venire served by the sheriff became jurors and sat in the trial of the case. The court, after quoting from the case of Koontz v. State, supra, said:

"We think it not necessary to support with the citation of authority the proposition that, if a juror was called to serve in the trial of a criminal case, who was challenged by defendant upon the ground that he was a material witness for the state in the prosecution, whose name was indorsed upon the indictment or information, and that fact should be admitted by the county attorney, and the challenge to such a juror should be overruled, over the exception of defendant's counsel, and said person should serve as a juror in the trial of the cause, the action of the trial court in overruling the challenge and permitting the said juror to serve under such circumstances would be clearly prejudicial to the substantial rights of defendant, and such action of the trial court would be reversible error, and not harmless in any cause where a substantial defense was interposed to the charge. It is absolutely inconsistent with the administration of justice that a jury composed of witnesses against a defendant can render a fair and impartial verdict. The impartiality of the jury goes to the very foundation of the accused's liberty. Without an impartial jury, the accused cannot be accorded that fair trial guaranteed to him by the Constitution and laws of this state. It requires the unanimous consent of the jury to return a verdict in a felony cause, and if the trial court should permit a witness for the state to sit in the trial of one charged with a felony, there could, under such circumstances, be no fair and impartial trial, because an impartial jury is not had by 11 impartial men and 1 shown to be prejudiced against the defendant's cause by reason of knowledge of material facts against him. It follows, therefore, that if a witness for the state may not serve as a juror, when challenged by defendant, such a witness, by reason of the statute above set out, cannot serve a special or open venire of jurors to serve in the trial of a

criminal cause in which he is a witness, and that, when such fact is made to appear to the trial court upon a challenge to the panel of an open or special venire, it would be a denial of a statutory right and safeguard for the trial court to overrule such challenge.

"It is apparent that in the service of an open or special venire the officer would have the power to exercise his judgment and discretion in the service and summoning of such jurors, and the fact that the officer might exercise such power to the detriment of defendant is a sufficient reason for the enactment of section 5848, supra. Under such statute, a witness for the state may not serve an open or special venire of jurors even though he be the sheriff of the county, and a special or open venire served by such a disqualified officer should be quashed upon proper motion. Likewise should a special or open venire served by a witness for defendant be quashed upon proper motion by the state. This has become the established practice in this jurisdiction since the rule was first announced in the case of Koontz v. State, supra; the opinion in that case having been published long prior to the time of the trial of this cause. The doctrine established in the Koontz Case has been adhered to in the recent case of Shepherd v. State, 17 Okla. Cr. 630, 192 P. 238, and in the opinion of this court, it is essential to the fair and impartial administration of justice that an open or special venire of jurors must be summoned by one who is not a witness against the party interposing the challenge to such a panel, and where a substantial defense is made to the charge, as was done in this case, it is reversible and prejudicial error to overrule a challenge by defendant to the panel of an open or special venire served by an officer or person who is a witness for the state.

"In this case it was admitted in the answer to the motion to quash the panel that the sheriff who served the same was a witness for the state, and the record shows that the said officer's name was indorsed upon the information filed in this cause, and that he testified as a witness for the state, both in chief and in rebuttal. For the reasons stated, the trial court erred, to the substantial prejudice of defendant in this cause, in overruling defendant's motion to quash the panel of the special venire of jurors served by the sheriff."

These decisions have been followed by this court in the following cases: Leigh v. State, 34 Okla. Cr. 338, 246 P. 667; Sheppherd v. State, 35 Okla. Cr. 405, 192 P. 235; Welch v. State, 36 Okla. Cr. 298, 254 P. 503; Hammock v. State, 52 Okla. Cr. 429, 6 P. 2d 16.

The state, in its brief, does not cite any authority upon the questions of law raised by the defendant, but is content to quote the harmless error statute of this state, being Oklahoma Statutes 1931, § 3206, Okla. St. Ann. tit. 22, § 1068, which provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

This court, from its earliest history and decisions, has recognized and applied the harmless error doctrine, but it has been careful to state in those decisions that if a defendant has been properly indicted or informed against, and fairly tried, and the evidence clearly shows that he is guilty, then a conviction should not be set aside on account of any mere matter of form, or any exceptions which did not deprive the defendant of a substantial right, but it has always declared in those opinions that when the record revealed that a defendant has been deprived of a substantial right, then the error would not be harmless, and that while it was the duty of the court to adhere to the rule in proper cases, it was also its duty to see that in the application of the rule, we do not wipe out and destroy every constitutional and statutory right of the defendant on trial, and therefore establish a rule which would result in "arbitrary punishment in the name of the law; a consummation dangerous to liberty

and innocence, and utterly inconsistent with the perpetuity of our free institutions." Scribner v. State, 3 Okla. Cr. 601, 108 P. 422, 428, 35 L. R. A., N. S., 985; Dupree v. State, 10 Okla. Cr. 65, 134 P. 86; Hager v. State, 10 Okla. Cr. 9, 133 P. 263; Watson v. State, 7 Okla. Cr. 590, 124 P. 1101.

While the record in this case may not reveal it, who can say that this defendant was not deprived of a substantial "statutory" right. The statute provides that a jury should be drawn from the jury box which contains names selected by the jury commission from the body of the county. There are many qualifications provided by the statute. It is required that the names be taken from the tax list thus securing the most substantial citizens of the county for the trial of criminal cases. The defendant had the right to expect that if he was charged with crime, he would be tried by a jury selected in the manner provided by law. These safeguards were enacted for the very purpose of correcting evils which had heretofore existed in our jury system in the selection of jurors, yet at the very outset of this case the court, when he found that he needed 20 additional jurors to serve on the regular panel for the October term of his court, instead of drawing them from the jury box which had been prepared and selected for that purpose, issued an order for the sheriff to summon 20 talesmen. Under the law, the court in its discretion has the power to order talesmen or an open venire in the sound discretion of the court, but we do not believe it was the intention of the Legislature, when it enacted this statute, that the court should use it in such a manner as to nullify its very terms. In the instant case when the court found that he was in need of 20 additional jurors, he should have ordered the sheriff and the court clerk to draw the names from the jury box, and with the means of travel and service now in existence, these jurors could have reported in a very short time. The record reveals that the court had present about 40 regular jurors, and with this number present, the business of the court could have been promptly dispatched until service was made upon the

others regularly drawn. The record further reveals that all of those who were on the regular panel were not called and examined until the talesmen were called to the jury box in this case; they being jurors who were summoned by an officer whose name was indorsed on the information as a material witness for the state, and who testified in the case. This is contrary to the holdings of this court in the many cases heretofore cited. We do not think that the statement made by the trial court into the record, that they were summoned by the sheriff from a different part of the county than that in which the defendant lived, is a sufficient answer to this important question. The court gave as a further reason that the sheriff had no idea in anyway of knowing that these talesmen would be retained by the court, and for the further reason that the sheriff might have to serve subpoenas and select talesmen in any case where he might be used as a witness. A sufficient answer to this reasoning is that the sheriff knew when he summoned them that they would in all probability be retained as jurors. The fact that the sheriff might have to serve subpoenas and select talesmen in any case where he might be used as a witness does not nullify the statute nor the reason for the rule that he should not be permitted to do so where he is a material witness in the case. The reason for the rule is stated in the opinions of this court heretofore cited. If the procedure heretofore suggested in the case at bar, and the 20 additional jurors' names had been drawn from the jury box, they would have been served by the sheriff, and he or his deputies would have been paid their mileage for their services. It is an entirely different question in permitting him to summon the jurors who have been regularly selected from the jury box, and giving him the right to summon those of his own choosing. We recognize the right of the district court in its discretion, under the law, to order the selection of talesmen and an open venire; but under the facts in this case we think the court erred in filling the regular jury panel with talesmen instead of having their

names drawn from the jury box in the manner provided by law.

From the above finding it becomes unnecessary to review the evidence offered, or to pass upon the other assignments of error, as they will not occur in a retrial of this case.

The judgment of the district court of Choctaw county is, therefore, reversed.

DAVENPORT, P. J., and DOYLE, J., concur.