## A. C. DONALDSON v. STATE.
No. A-10316.    Feb. 24, 1944.
(146 P. 2d 310.)

H. P. Hosey and Bascom Coker, both of Idabel, for plaintiff in error.

Randell S. Cobb, Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, A. C. Donaldson, was charged in the district court of McCurtain county with the crime of rape in the first degree, was tried, found guilty and sentenced to serve 15 years in the State Penitentiary, and has appealed.

Petition in error with case-made attached was filed in this court on August 13, 1942.   No brief has been filed and no oral argument presented.

Where the defendant appeals from a judgment of conviction and no brief is filed nor appearance for oral argument made, we do not consider it the duty of this court to go into a careful examination of the evidence to determine whether or not the trial court erred in the admission or rejection of testimony.   This court will examine

the record for jurisdictional errors and if no fundamental error appears, the judgment will be affirmed. Chastain v. State, 73 Okla. Cr. 227, 119 P. 2d 864; Owens v. State, 73 Okla. Cr. 240, 119 P. 2d 871; Thompson v. State, 73 Okla. Cr. 243, 119 P. 2d 873; Scott v. State, 73 Okla. Cr. 247, 119 P. 2d 877.

Prior to the conviction sustained from which this appeal was filed, the defendant had been convicted of this same offense and had appealed to this court. In that appeal the cause was reversed for a new trial because of the failure of the court to sustain the defendant's motion to quash the special venire summoned by the sheriff. Donaldson v. State, 73 Okla. Cr. 41, 117 P. 2d 555, 560.

In that appeal we had occasion to remark:

"The evidence introduced by the state, if believed by the jury, shows that the defendant committed a diabolical act, and is amply sufficient to support a conviction."

The proof of the state shows that the accused was a neighbor and apparent friend of the family of the eleven-year-old girl whom it is charged he attacked. The act of sexual intercourse, as related by the little girl, occurred near the school building. A physical examination of the prosecutrix by a doctor, and other physical facts at the scene of the crime, corroborated the story related by the girl.

The court, in his instructions, clearly defined the law applicable to the facts in this case. On the record before us we have discovered no fundamental error which would require a reversal of the judgment of conviction.

The judgment of the district court of McCurtain county is accordingly affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.