# HENRY CLYDE WALKUP v. STATE.

No. A-10957.   March 30, 1949.

(205 P. 2d 332.)

H. M. Shirley, of Coalgate, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Henry Clyde Walkup, was charged by information filed in the county court of Coal county, with the offense of driving an automobile on a highway while under the influence of intoxicating liquor, was tried to a jury who returned a verdict of guilty and fixed the punishment at a fine of $1. Sentence was pronounced in conformity with the verdict of the jury.

Two assignments of error are presented by the appeal: First, it is alleged the trial court erred in overruling the motion of the defendant to quash the special venire; second, that the closing argument of the county attorney was improper and prejudicial.

At the commencement of the trial, counsel for defendant objected to the special venire which was summoned by the sheriff of coal county for the reason that one of the sheriff's deputies, Alfred Morrison, was endorsed on the information as a witness.

By statute it is provided:

"When the panel is formed from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground of challenge

to a juror. Such challenge must be made in the same form, and determined in the same manner as if made to a juror." Tit. 22 O.S. 1941 § 639.

It was the purpose of this statute to provide that the open or special venire to complete a jury should be summoned by an officer not disqualified by reason of interest, bias, or prejudice. The burden is upon the defendant to make a showing in support of his objection to the special venire that it was summoned by an officer who was disqualified by reason of his interest, bias, or prejudice. Hammock v. State, 52 Okla. Cr. 429, 6 P. 2d 16; Welch v. State, 36 Okla. Cr. 298, 254 P. 503; Koontz v. State, 10 Okla. Cr. 553, 139 P. 842, Ann. Cas. 1916A, 689; Donaldson v. State, 73 Okla. Cr. 41, 117 P. 2d 555.

In Koontz v. State, supra [10 Okla. Cr. 553, 139 P. 844], it is stated:

"The language of the statute is so plain that no room is left for interpretation. It authorizes a challenge to the panel on account of the bias of the officer who summons a jury on an open or special venire, upon what would be good ground of challenge to a juror for bias. If, then, a challenge for cause would have been sustained against a person called as a juror because he was a material witness for the state, a challenge would also lie upon the same ground to a panel summoned by him. If he would not be qualified as a juror because of actual or implied bias, as defined by sections 5858 and 5859 (Rev. Laws 1910) [22 O.S. 1941 §§ 659, 660], he would also be disqualified for the same reason to summon a jury, in whole or in part, whose names are not drawn as jurors from the jury box."

Counsel for defendant did not contend that the sheriff was a witness for the state or that he had any bias or prejudice against the defendant; but, apparently based his objection solely upon the ground that there was im-

plied bias on the part of the sheriff where he had a deputy whose name was endorsed as a witness on the information.

Counsel for the defendant had the right to offer proof in support of his objection by having the deputy sheriff sworn and also the sheriff, or any other evidence he might wish to offer in support of his objection. The burden was upon him to present evidence to sustain his objection to the panel. If the deputy sheriff had summoned the jury, then the fact that he was endorsed as a witness on the information and intended to testify on behalf of the state would have been sufficient under the above authorities to show implied bias of the summoning officer, and a denial of the challenge to the special venire would have constituted reversible error; but, the record as presented to us is insufficient to warrant this court in saying that the objection should have been sustained. Not only was no evidence offered in support of the objection to the special venire, but the record fails to disclose any specific challenge for cause made to any of the individual jurors or whether any of the individual jurors came from the special venire which was summoned by the sheriff.

Counsel for defendant states in his brief that there were eleven of the members of the regular jury panel in attendance upon the court at the time the order was issued to the sheriff directing him to summons the special panel. The record does not show just how many members of the regular jury panel were in attendance upon the court, nor does it show how many of the members of the regular jury panel served as jurors in the instant case.

It is our conclusion that the record is insufficient to justify this court in concluding that the trial court erred in denying the objection to the special venire.

The contention that the argument of the county attorney was prejudicial is meritorious. In this case the principal witnesses against the accused were two members of the highway patrol who testified that the deceased was in a drunken condition at the time he was arrested in his automobile on main street in Coalgate about 1:45 a. m. The argument to which this assignment of error is directed is as follows:

"The record is written all over this county and over the State of Oklahoma, that the good citizens of Coal county, Okla., contributed $1000.00 towards the purchase of an antennae and to procure a Highway Patrol station in Coal county. Why? They know why. For such men as this defendant, Henry Clyde Walkup, on trial here today. That is why we have them here. We asked for them, and we have them here. The good citizens purchased the antennae and radio and furnished an office in the American Legion Hut. He makes much ado about Lt. Merriot, Harvey Hawkins and W. H. Bailey. Let me tell you something. If it was not for such men as Henry Clyde Walkup and others who violate the law, Lt. Merriot, Harvey Hawkins, W. H. Bailey, and I and you would not have to be here or would not have to have the Court; but we have to have them to deal with those who violate the law. * * * There is no question if the State has not made the case of driving while under the influence of intoxicating liquor; the evidence is here. The evidence was in the car. It is up to you whether you want to let him go free or whether you want to penalize him. I have done my duty. He was tried today, as a last resort. You Gentlemen shall determine whether you want drunken driving stopped or whether you want Henry Clyde Walkup or various other men in the county to drive while under the influence of intoxicating liquor."

This was a close case where the jury assessed only a $1 fine. If the defendant was guilty of driving his automobile in a drunken condition, he deserved a more severe punishment. The fact that the jurors gave him only what might be termed a light tap on the wrist is strong evidence that the verdict was the result of compromise and the verdict might have been influenced by reason of the improper argument of the county attorney concerning the work and expenditure made by the citizens of Coal county to procure a highway patrol station in Coal county. Such argument had nothing to do with the guilt or innocence of the defendant, but when called to the attention of the jurors, it might have caused them to return the verdict of guilt solely because the citizens of the county were anxious to have a highway patrol unit stationed there. There was ample evidence to have justified the jury in finding the defendant guilty but if they had believed the evidence of defendant and his witnesses, they could have returned a verdict of not guilty.

In the recent case of Turpen v. State, 89 Okla. Cr. 6, 204 P. 2d 298, this court stated:

"Counsel for state and defendant are entitled to great latitude and a wide freedom of expression in presenting their arguments to the jury. However, this latitude given to counsel does not authorize the use of prejudicial statements calculated to inflame the passion of the jury."

By reason of the improper argument of the county attorney, the judgment and sentence of the county court of Coal county is reversed and the cause is remanded for a new trial.

BAREFOOT and BRETT, JJ., concur.